Filed March 11, 1884.

---

No. 11,053.

## INGALLS v. BYERS, ADMINISTRATOR, ET AL.

RAILROAD.—*Right of Way.—Deed.—Condition.—Failure to Build.—Mortgage. —Subsequent Condemnation.*—A deed to a railroad company recited that, "in consideration of the location and construction of" its railway, right of way was granted "so long as it shall be required for the uses * of said" company. The latter mortgaged the right of way; the railroad was never constructed, and, upon foreclosure, the mortgaged premises were sold to T., who conveyed to I. Subsequently, another company condemned the right of way and paid the money into court, when suit

was brought by I. against the administrator of the estate of the grantor, to recover the money so paid into court.

*Held,* that the administrator is, and I. is not, entitled to recover.

From the Decatur Circuit Court.

· *J. K. Ewing, C. Ewing, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellant.

*S. B. Eward, D. A. Myers, J. D. Miller* and *F. E. Gavin,* for appellees.

ELLIOTT, J.—James B. Byers executed to a corporation, known as the Cincinnati and Terre Haute Railway Company, a deed, of which, omitting the formal parts, the following is a copy: " Know all men by these presents that James Byers and Sarah A. Byers, his wife, in consideration of the location and construction of the Cincinnati and Terre Haute Railway, and ———— dollars to them in hand paid, do give grant, bargain, sell and convey to the said company the right of way for the use of the said railway over and across the east half of the northwest quarter of section eleven, town ten, range eight, in Decatur county. Said company is to keep a good, substantial fence on each side of said road through these premises, and if at any time they shall be destroyed by fire, or by any other cause, the company shall repair the same within a reasonable time or forfeit its right to the use of the same, for the width or space of forty-nine and one-half feet on each side of the center line of the said railway as now, or as may be hereafter located, making ninety-nine feet in width, and for the length the distance between the limits of said tract, to include also the right of said company to take materials for the construction and repairs of said railway at any point in said forty-nine and one-half feet of said center line, together with the right of way over said tract of land sufficient to enable said company to construct and repair its railway. To have and to hold said rights and privileges to the use of the said company so long as it shall be required for the uses and purposes of said railway company, in as full and

ample a manner as may be required for that purpose. The grantors have been fully paid for the damages done their property by the location and construction of said railway."

After the execution of this deed some work was done by the grantee upon the strip of land granted, but the railway was never built. In October, 1871, the grantee executed a mortgage covering all its property, rights and franchises. This mortgage was duly foreclosed, and in 1878 sale was made on the decree, and William B. Tuell purchased all the property, rights and franchises of the corporation, and he conveyed to the appellant. In July, 1882, the Columbus, Hope and Greensburgh Railroad Company appropriated fifty feet of the same strip of ground described in the Byers deed, and paid the damages assessed, $416, into court. The dispute is as to the right to this money, does it belong to Ingalls or to the administrator of the Byers estate?

It is clear that Ingalls succeeded to the rights of the Cincinnati and Terre Haute Railway Company, for a purchaser at a sale upon the decree of foreclosure takes all that the mortgage authorizes. Jones R. R. Securities, section 633. The rights of such a purchaser are strictly analogous to those of purchasers at ordinary foreclosure sales.

The deed executed by James B. Byers does not purport to convey a fee; on the contrary, its language clearly imports an intention to convey an easement to the grantee for a particular purpose. It is, therefore, unnecessary to consider what would be the rights of the parties in the event that a conditional fee had been conveyed.

The consideration of the grant was the location and operation of the Cincinnati and Terre Haute Railroad and the erection and maintenance of fences as provided in the deed. This was not merely a condition subsequent, but it is the consideration which gives effect to the deed. The promise of the grantee to the grantor stood to him as compensation. If we can declare that the compensation was paid, then we must hold that the appellant has the right of this contro-

versy; if otherwise, then we must hold that the right is with the appellee. This we say because the rule is that the grantee does not, where all the facts are known, secure title until compensation is paid. This is so upon the closest analogy. If a vendee takes with notice of a vendor's lien, he can get no title as against the lien. Although a mortgagee of a railroad corporation takes the right to appropriations of land made by the mortgagor, no rights attach to land in cases where the compensation has not been paid. The payment of the compensation is essential to vest title. Jones R. R. Sec., section 633. It appears here, not only that compensation has not been paid, but that it will not be paid. The appellant, as the successor of the original grantee, is not claiming a right to build a railroad and thus yield the compensation for which the grantor bargained, but he expressly abandons the right of way and yields to the claims of a corporation that has condemned the land, and demands the money which that corporation has paid as damages. We are unable to see the slightest justice in his claim. He seeks the money for land for which neither he nor his grantors have paid consideration, and that, too, where it affirmatively appears that he has neither the power nor the will to pay it. If the appellant were claiming as the successor of the Cincinnati and Terre Haute company and was proposing to build the road for which the easement was granted, we should have a very different question and one upon which the cases of *Junction R. R. Co.* v. *Ruggles,* 7 Ohio St. 1, and *Paul* v. *Connersville, etc., R. R. Co.,* 51 Ind. 527, would have an important bearing, but he makes no claim of that kind. The purpose of the original grant was to secure the railroad there described, and not some other road, but, if it had been, the grant secured no other road; the condemnation proceedings did this, so that the land-owner has had nothing of benefit from appellant or his grantors, nor can he have. The mere fact that a railroad will be built gives appellant no claim, for he has done nothing to aid in its location or construction, nor are its builders claiming

through him ; on the contrary, they claim through an altogether distinct and different right, and one which, so far from confirming that of appellant, directly refuses to give it recognition.

The appellant's claim is to money paid upon proceedings which directly repudiate his assertion of title, for the very purpose of the condemnation proceeding was to secure title from a source different from the grant to appellant's remote grantor. It is, therefore, not owing to him that the Columbus, Hope and Greensburgh company undertake to build the railroad, nor does he contribute to that result, but, on the contrary, that result flows from the annihilation of his claim of title by the acquisition of the right of way through a distinct and different source, to which right he fully surrenders.

Judgment affirmed.

Filed Nov. 7, 1883. Petition for a rehearing overruled March 12, 1884.