Filed June 17, 1890.

———————

No. 14,245.

SMITH v. HOLLOWAY.

EASEMENT.—*Right of Way.*—*Grant of.*—*Ownership of Streams, Etc.*— The grant of a right of way to a railroad company being the grant only of an easement, the owner of the fee remains the owner of springs, streams, and minerals. Subject to the use of the right of way, he may make all lawful use of the land.

SAME.—*Parol Reservation of Water Right.*—*Statute of Frauds.*—A parol agreement reserving to the grantor the right to use the water of a stream which runs across the land granted for the purpose of a road, is not void under the statute of frauds; the right to the water remaining in the grantor, he is, by the agreement, but confirmed in his existing legal right.

From the Pike Circuit Court.

*J. W. Wilson* and *E. A. Ely*, for appellant.

*F. B. Posey*, for appellee.

ELLIOTT, J.—The appellee alleges in his complaint that in August, 1869, he was the owner of a tract of land; that prior to that date he granted a right of way for the construction of a railroad to the Evansville, Indianapolis and Cleveland Railroad Company; that the company constructed an embankment; that on the day named he conveyed to Granville Carlisle all of the tract lying south and east of the right of way; that by a series of conveyances the defendant became the owner of the parcel conveyed to Carlisle; that, on the 15th day of August, 1885, the appellee sold to the ap-

pellant a strip of land for a road fifteen feet in width; that there is a spring from which a stream of water constantly flows; that this stream crosses the strip granted the appellant, and runs along the south line of the embankment and into the enclosed land of the appellee; that, on the 1st day of June, 1885, an agreement was made between the appellee and the appellant, under which they erected a partition fence on the top of the embankment; that for more than fifteen years before the agreement was entered into the appellee had used and enjoyed the stream; that it was agreed that the appellee's right to have the stream flow into his field should never be disturbed; that the partition fence should never be so changed as to interfere with the appellee's use of the stream; that he continued to use the stream, and the flow thereof was uninterrupted until the 1st day of July, 1887, but on that day the appellant, against the protest of the appellee, so changed the fence as to shut off the field and pasture of the appellee from the stream; that the wrongful act of the appellant has caused the appellee to suffer damages in the sum of one hundred and fifty dollars. This complaint was challenged for the first time by a motion in arrest of judgment, so that the question for decision is as to the sufficiency of the complaint after verdict.

The point made by the plaintiff that the grant of the right of way to the railroad company precludes the appellee from maintaining this action is without substantial merit. The owner of the fee remains the owner of springs, streams, minerals, and the like, for all that he grants is an easement. The owner can not interfere with the free use of the right of way, but subject to this use he may make all lawful use of the land.

The point made by the appellant that the parol agreement relied upon is invalid under the statute of frauds, is one of more difficulty, but as the complaint shows that the strip granted the appellant was for the purpose of a road, we can not say that the agreement reserving the water right was not

valid, for, upon the principle stated, the right to the water remained in the appellee as the owner of the fee. As the water right remained in him the parol agreement did no more than confirm in him an existing legal right.

We can not disturb the finding upon the evidence.

Judgment affirmed.

Filed June 17, 1890.