Filed February 15, 1893.

---

No. 669.

## LAKE ERIE & WESTERN RAILROAD COMPANY v. ZIEBARTH.

RAILROAD.—*Right of Way.*—*Deed.*—*Easement or Fee, Which?*—*Estoppel.*—*Possession.*—*Condition Precedent.*—A deed conveying a right of way to a railroad company was, in substance, as follows: the grantor, in consideration of one dollar paid by the grantee, hereby conveys and warrants to the grantee, its successors and assigns, a right of way for the construction and operation of the grantee's railroad, being a strip of land one hundred feet in width, in a certain quarter section, township and range, together with all materials which may be found on said land, and necessary to construct and maintain the road, the grant being upon the condition that said land shall be used for railroad purposes only, and when it shall cease to be used for such purposes, it shall revert to the grantor, his heirs and assigns.

Lake Erie & Western Railroad Company *v.* Ziebarth.

*Held*, that the deed did not convey a fee, conditional or otherwise, but did convey an easement for a particular purpose, the construction and operation of a railroad thereon.

*Held*, also, that until the railroad company should establish a route for its road through and over the land mentioned in the deed, no interest was conveyed, that being a condition precedent.

*Held*, also, that the company having procured another right of way adjoining the land mentioned in the deed, and having constructed its road thereon, and not having taken possession of the land in controversy, except to remove earth therefrom for a road-bed, the grantor, his heirs and assigns have always, for more than nineteen years, been in possession of the land in controversy, and the acts of the company estopped it, as against a purchaser for a valuable consideration, from asserting an easement under the deed.

INSTRUCTIONS TO JURY.— *Without the Case.*—*Erroneous.*—Where an instruction, in substance, was that where there has been a conveyance of real estate upon condition, there can be no forfeiture until a proceeding has been brought in a court of competent jurisdiction and a decree entered by such court declaring a forfeiture, the instruction was erroneous, being upon the theory of forfeiture, and not within the case.

SAME.—*Refusal to Give.*—*Substantially Covered by Another Given.*—It is not error to refuse to give an instruction which is substantially covered by another instruction given.

From the Clinton Circuit Court.

*S. O. Bayless, C. G. Guenther* and *W. E. Hackedorn*, for appellant.

*J. V. Kent* and *R. W. Irwin*, for appellee.

DAVIS, J.—The complaint filed by appellee in this case against appellant is in two paragraphs. The first paragraph is in the ordinary form of trespass on real estate, and alleges appellant's wrongful breaking into and entering upon certain of appellee's lands; the wrongful taking down and removing of a fence standing thereon; the plowing up of the surface of the earth, making embankment and ditches, etc., and the wrongful appropriation of said lands, and the disturbing of appellee in the use and occupation thereof, and preventing her from using and enjoying the same, etc. The third paragraph of the complaint (the second having been withdrawn) also counts in tres-

pass. The same acts are alleged as in the first, and, in addition thereto, avers in substance: That appellant then and there took possession of said real estate, described as follows: beginning on the section line three hundred and thirty and one-half feet east of the northwest corner of section eleven (11) in township twenty-one (21) north, in range one (1) east; thence east on said section line to the northeast corner of the west half of the northwest quarter of said section eleven (11); thence south fifty (50) feet; thence west parallel with said section line to a point due south of the place of beginning; thence north fifty (50) feet to the place of beginning, and permanently appropriated all of the same to its own use and purpose, and has entirely destroyed its value for any other purpose, and wholly deprived appellee of the use and occupancy of the same; that appellant had not in any manner condemned, nor in any legal manner appropriated the land, nor paid or tendered any sum of money to appellee for the land and its use; that appellee is the owner of other real estate adjoining the lands so taken, and that by said taking and appropriation appellee's farm has been greatly lessened in value, etc.

The first paragraph of the answer was a general denial. Briefly stated, the averments of the second paragraph of the amended answer show the following facts:

That on and prior to the 25th day of July, 1870, the Lafayette, Muncie & Bloomington Railroad Company, which was a corporation duly organized under the laws of this State, and invested with all the rights and powers ordinarily granted by law to corporations organized in this State for the purpose of building and operating railroads, was projecting a line of railroad from Muncie, Indiana, to the State line between the States of Indiana and Illinois, which projected line of railroad extended into and through Clinton County, Indiana; that on said day it procured from one Jacob Heise, a deed, or grant, of right

Lake Erie & Western Railroad Company *v.* Ziebarth.

of way over certain of his lands, which reads as follows:

"This indenture made this 25th day of July, 1870, between Jacob Heise, of the first part, and the Lafayette, Muncie & Bloomington Railroad Company, a corporation duly organized and incorporated under the laws of the State of Indiana, of the second part, witnesseth:

"That the party of the first part, in consideration of the sum of one dollar in hand, paid by the party of the second part, hereby conveys and warrants to said party of the second part, its successors and assigns, the right of way for the construction and operation of said company's railroad, being a strip of land one hundred feet in width upon such route and line as the said company has located, or may locate and construct, the said road through and over the following described land in Clinton County, in said State, to wit:

"The west half of the north-west quarter of section eleven (11), in township twenty-one (21) north, range one (1) east.

"This conveyance shall include all materials necessary to construct and maintain said railroad, which may be found in the strip of land aforesaid.

"The estate granted hereby is upon condition that the strip of land aforesaid shall be used for said railroad purposes only, and when the same shall, after the road is constructed, cease to be used for such purposes, then the same shall revert to the party of the first part, his heirs and assigns."

Then follows the formal conclusion, signature, and acknowledgment.

It is further averred in the answer that instead of building its line of road over the Heise land, the Lafayette, Muncie & Bloomington Railroad Company procured another right of way over land lying immediately north of the Heise land, over which it located and constructed its line of railroad; that long after such construction the

appellant, through certain proceedings which are set out, in February, 1887, became the successor and owner of all the rights of the Lafayette, Muncie & Bloomington Railroad Company, including said right of way mentioned in said deed, and that since said date appellant had been engaged in the ordinary operation of its railroad, improving its roadbed and its facilities for the transaction of its business with the public, at the stations and towns along its line of road; that in the summer and fall of the year 1889, its increasing business having made additional switching facilities necessary at its station or town of Boylston, which town had been built up partly on the Heise land and partly on adjoining land, appellant entered and constructed such switch upon the land described in the complaint, it being a part of the land described in the Heise grant; that appellee, being a daughter and one of the heirs of the said Jacob Heise, had inherited from him an interest in the land described in the Heise grant, and on December 14, 1881, had purchased the remaining interest therein from the widow and other heirs of Jacob Heise.

The first paragraph of reply to the second paragraph of answer was a general denial. The second paragraph of reply, in substance, admits that appellee acquired the land partly by descent and partly by purchase, as alleged in the answer; that the said Jacob Heise, who was her ancestor, while he was the owner of said real estate, at the time in the answer stated, executed the deed of right of way set out in the answer. It then avers, in substance, that more than nineteen years before the bringing of this action, and the doing of the wrongs and acts in the complaint alleged, appellant's predecessor, being the grantee in said grant, wholly abandoned said grant and neglected and refused to build and erect its said railroad over and upon the right of way granted, but that appellant's predecessor in title, before the building of said railroad, and after the execution of the said grant by Heise, procured the right of way from one

Lewis V. Boyle, across lands lying to the north of appellee's said lands, upon which it built and erected its railroad, and did not build its said road upon appellee's land, or upon any of the lands so granted by Jacob Heise.

The third paragraph of the reply, in addition to the material facts set out in the second paragraph, alleges, in substance, that said deed was executed upon condition, and the sole and only consideration for said deed was that the grantee named therein would permanently locate and build the main line of its railroad on and across said lands, and that said grantee had failed and refused to build and erect its road over and upon said right of way, and that neither said appellant nor its predecessors, prior to the unlawful entry in 1889, did any act indicating an intention to perfect said easement, or to claim any right or privilege under said grant, but on the contrary, by appellant's predecessor procuring a right of way over other and different lands, and building its railroad thereon, and by all of appellant's and its predecessors aforesaid acts, appellee was caused to believe that said right of way over said land was abandoned, and that she had purchased the undivided interests of her co-tenants in the real estate, and paid full value therefor, and that since such purchase in 1881, she had adversely held and owned said real estate, paid the taxes thereon, and cultivated and improved the same with full notice and knowledge of appellant, and that appellant was estopped, etc.

The case was tried by a jury, and resulted in a verdict and judgment in favor of appellee for three hundred and seventy-five dollars.

The errors assigned are:

*First.* The court erred in overruling the demurrer to the first and third paragraphs of the complaint.

*Second.* The court erred in overruling the demurrers to the second and third paragraphs of reply to the second paragraph of the amended answer.

*Third.* The court erred in overruling appellant's motion for judgment in its favor on the answers to interrogatories returned by the jury with the general verdict.

*Fourth.* The court erred in overruling the motion for a new trial.

The first error assigned has been waived by reason of the failure to discuss it.

Counsel for appellant insist that the theory of both paragraphs of the reply is " a forfeiture and estoppel in avoidance of the matters contained in the second paragraph of the answer." Their contention is that " the facts charged in either of these paragraphs do not constitute a forfeiture, and can not be made available in this action."

The position of counsel for appellant is that the title to the land vested in the railroad company on the execution of the deed, and that the title conveyed depended upon a condition subsequent; that conditions subsequent are not favored in law, and are strictly construed against the grantor and his heirs, and, further, before a forfeiture can be claimed, the grantor or his heirs must have proceeded promptly after condition broken to assert his or their rights. We can not agree that the propositions of law as stated by counsel for appellant are applicable to this case.

The deed executed by Jacob Heise does not purport to convey a fee, conditional or otherwise. The language of the deed clearly imports an intention to convey an easement to the grantee for a particular purpose. *Ingalls* v. *Byers, Admr.,* 94 Ind. 134; *Douglass* v. *Thomas,* 103 Ind. 187.

The deed conveyed no right to, or interest in, any specific piece or parcel of land. All it assumes or purports to convey, is the right of way for the construction and operation of said company's railroad, being a strip of land one hundred feet in width, upon such route and line as said company has located, or may locate, the said road " through and over " the eighty acres therein described, " upon con-

dition that the strip of land aforesaid shall be used for railroad purposes only."

Therefore, until the company should establish the line for the route of the road "through and over" said eighty acre tract, the deed conveyed no land whatever. All that was granted was the right to locate and construct the road over any portion of the tract, which location, when it should be made, would, together with the deed, operate as a conveyance of the "strip of land one hundred feet in width." The right conveyed, under the facts as alleged in the reply, operated as a mere floating easement, "which could only be rendered effectual and made to operate as a conveyance of title to any part by the actual location of the route of the road across the tract of land described, which location would for the first time render the deed applicable to a specific piece of the land, and make it operate as a conveyance of title." *Detroit, etc., R. R. Co.* v. *Forbes*, 30 Mich. 165 (174, 175).

It further appears that from the time this deed was executed, in July, 1870, until the time of the alleged trespass in 1889, no possession was taken by appellant or its predecessors. During all that time the grantor, his heirs and their grantee were left in absolute and undisputed control and possession of all the land. At the time the deed was executed, the line of the road was not located. After the deed was executed, instead of locating its line of railroad "through and over" the Heise land, the company procured a right of way through and over the Boyle land, upon which the railroad was located and constructed. Afterwards, as shown by the answer, a town was built on the Heise land. The reply alleges that appellee, believing from these, and other facts which we do not recapitulate, that appellant had abandoned any and all rights under the grant, purchased and paid full value for the interest of the other heirs in the real estate.

The facts averred in the reply, and which the demurrer, admits to be true as therein stated, show an intention on the part of the grantee, in the right of way deed, to abandon the idea of the location and construction of the railroad "through and over" the eighty acre tract described in the deed.

In this case the possession of the entire tract has always been in the grantor, his heirs and their grantee, and in view of the fact that appellee, believing, as she had the right to do on the facts as alleged, that the predecessors of appellant had selected another route, and had abandoned any right sought to be conveyed by the Heise deed, became the purchaser of the real estate for a valuable consideration, the appellant is now estopped to assert an easement under the deed. There was no error in overruling the demurrer to the reply. *Snell* v. *Levitt*, 110 N. J. 595 (603, 604); Washburn's Easements and Servitudes, 4th ed., 707.

Counsel for appellant have made no argument in support of the proposition that appellant was entitled to judgment on the answers of the jury to the interrogatories, and therefore we are not required to consider this question.

We have not, however, noticed any inconsistency between the answers to the interrogatories and the general verdict.

Before proceeding to the consideration of the next assignment of error, we will briefly call attention to some material facts established by the evidence, concerning which there is no controversy.

No part of the railroad, switch, or passing track has been built on the land in question. The main line of appellant's road is about fifty feet north of appellee's land. The switch or passing track in question, including the embankment, was built on the right of way on the Boyle land. To aid in doing this, the soil on appellee's land was

dug up to the depth of three or four feet, extending back thirty or forty feet, along the entire north end of the eighty acres, except on the west, where the town lots had been laid off. The soil thus taken was moved over on appellant's right of way on the Boyle land for the purpose of making the embankment thereon for the passing track or switch. Prior to making this entry in 1889, the exclusive possession had at all times been in appellee, her grantors and testator.

If we could have construed the right of way deed as conveying an easement in the specific strip in question, and had then given the language of the instrument the most favorable construction in behalf of appellant, it is questionable, under the circumstances of this case, whether appellant would have had any right to enter on appellee's land for the purpose of removing the soil therefrom to the Boyle land.

The language of the deed indicates that the railroad or some part thereof—either the main track, switch, or passing track—should be constructed and operated on this land, and that appellant should have all the materials found in said strip necessary to construct and maintain the railroad so constructed and operated, in part at least, on said land.

This question is suggested merely and not decided, as the conclusion we have reached in the case renders it unnecessary for us to consider it further. See in this connection *Vermilya* v. *Chicago, etc., R. R. Co.,* 23 Am. and Eng. R. R. Cas., 108.

The motion for a new trial assigns as error:

*First.* The damages assessed by the jury are excessive.

*Second.* That the assessment of the amount of recovery is excessive, being too large.

*Third.* The verdict of the jury is not sustained by sufficient evidence.

*Fourth.* The verdict of the jury is contrary to law.

*Fifth.* The verdict of the jury is contrary to the evidence.

*Sixth.* Because of errors committed by the court in the admission and rejection of evidence on the trial of the cause.

*Seventh.* The court erred in giving instructions Nos. 1, 2, 3, 4, 5 and 7, asked by plaintiff.

*Eighth.* The court erred in refusing to give instructions Nos. 6, 7, 9, 10 and 11, asked by defendant.

*Ninth.* The court erred in modifying the eighth instruction asked by defendant.

The third, fourth, fifth, sixth, seventh and ninth reasons are not discussed.

The contention of appellant is that "the motion for a new trial should have been sustained, if for no other reason than that the verdict is excessive."

The argument of counsel for appellant is based on two propositions, stated in their own words, as follows:

"*First.* That appellee is not entitled to recover any damages whatever on account of the interest owned by her, for the reason that she acquired such interest as a devisee and not as an heir of the original grantor to the railroad company.

"*Second.* That appellee is not entitled to recover anything on account of the interest acquired by purchase. Her immediate grantors also being devisees of the said Jacob Heise, none of these parties acquired their interest as heirs and had no greater right to elect a forfeiture than a stranger would have had."

Counsel for appellant discuss the question on the theory that the fee to the strip of land in question was, under the deed, vested in the railroad company, and before appellee could claim any rights there must have been something done which would have worked a forfeiture of this title.

What we have said in relation to the demurrer to the

reply and the authorities there cited dispose of this question adversely to appellant. *Ingalls* v. *Byers, supra; Douglass* v. *Thomas, supra ; Detroit, etc.;* v. *Forbes, supra; Cincinnati, etc., R. W. Co.* v. *Geisel,* 119 Ind. 77.

The eighth reason in the motion for a new trial is waived except as to the refusal to give the tenth and eleventh instructions. They read as follows :

"*Tenth.* The mere fact that the defendant railroad company or its predecessors in title did not use the strip of land in question for several years after the construction of the main line, but afterwards did use a portion of the same in the building of its grade for the passing track, would not warrant you in finding that the said railroad company or its predecessor company had abandoned, forfeited, and given up its or their right to the use of the same whenever it became proper on account of the increased business of said railroad company, to use the same for all necessary and proper railroad purposes.

"*Eleventh.* You are instructed that where there has been a conveyance of real estate upon condition stated in the instrument of conveyance, there can be no forfeiture of the grant or conveyance until a proceeding has been brought in some court of competent jurisdiction, and a decree entered of such court declaring a forfeiture."

If we are right in our views of this case as hereinbefore stated, the law is evidently not correctly stated in the eleventh instruction asked by appellant. This instruction was based on the theory of forfeiture, and was clearly inapplicable to the case.

The substance of the tenth instruction asked by appellant was given in other instructions. In the fourth instruction given the court said to the jury "that the rights there accrued to such grantee, its assigns and successors, could not be lost by a mere nonuser for any length of time," etc.

When the instructions given are considered as a whole, the appellant has no just cause of complaint as to instructions given or refused.

The instructions, as an entirety, were as favorable, at least to appellant, as the facts warranted.

The evidence tends strongly to sustain the verdict on every material point. In fact there was little, if any, conflict in the evidence.

We find no error in the record.

Judgment affirmed.

