CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* CROSS ET AL.

[No. 12,956. Filed June 26, 1928.]

*Frank L. Littleton, Forrest Chenoweth* and *Parr & Parr,* for appellant.

*Rogers & Smith,* for appellees.

McMAHAN, J.—This is an action by John G. Cross and others against appellant and the town of Zionsville to quiet title to certain real estate in said town. Appellant filed a cross-complaint against the plaintiffs asking that the title to the land be quieted in it.

The court found the facts specially and stated conclusions of law in favor of the plaintiffs and rendered judgment accordingly.

Appellant contends the court erred in overruling its demurrer to the third and fourth paragraphs of complaint, in the first, second and third conclusions of law, and in overruling its motion for a new trial.

The salient facts are that:

Plaintiffs, who are appellees here, are the heirs of Elijah and Polly Cross, who in 1849, and prior thereto, were the owners of certain land in Boone county. In November, 1851, Elijah and Polly Cross, with William Zion, laid out and platted upon said land the original plat of Zionsville, and in 1854, Elijah and Polly Cross conveyed and warranted to the Lafayette and Indianapolis Railroad Company a parcel of land described as:

"Beginning in the center of the track of the Lafayette and Indianapolis Railroad, 120 feet north of the north line of the original plat of the Town of Zionsville, running thence northwardly 40 rods in the center of said main track, thence

westwardly at right angles with said first line 120 feet, thence southwardly parallel with said named line 40 rods, thence on a direct line 120 feet to the place of beginning, in consideration of one dollar, the receipt of which is acknowledged."

It is provided in said deed that:

"Said conveyance is upon the express condition that said railroad company shall keep and maintain a switch, side or double track at Zionsville, and shall, as soon as it shall be convenient for them to do so, use said parcel of ground for their station, woodshed, station house and other buildings they may deem necessary for the transaction of their business at Zionsville; and that said railroad company shall not themselves use said ground permanently nor suffer other persons permanently to use it for any other purpose not connected with said railroad."

This deed was acknowledged and recorded. Elijah Cross laid out and platted Cross's first, second, third and fourth additions to Zionsville in 1854, 1864, 1866 and 1869 respectively. He died in 1869, the owner of a large number of lots in the original plat of Zionsville and lands adjacent thereto and in the above mentioned additions. Polly Cross continued to own a large number of lots in said subdivisions and adjacent territory until her death in 1903. The plaintiffs, as heirs of Elijah and Polly Cross, are the owners in fee of part of real estate owned by Elijah and Polly Cross when said deed was executed.

In January, 1846, the legislature passed a special act incorporating appellant's predecessor, the Lafayette and Indianapolis Railroad Company. Some time between 1851 and 1854, the railroad company built a railroad across the land owned by the Crosses through Zionsville. The railroad was completed in 1854, and from that time to the spring of 1921, appellant and its predecessors

continuously operated and maintained a railroad on and over said right of way. The land described in said deed and known as "station ground," was, during all of said years, used by the railroad for station grounds and railroad purposes. In 1921, appellant moved its tracks and depot building about one-half mile west, where it had constructed a new line. After the removal of the station house and tracks, the town of Zionsville entered upon the old right of way, took gravel therefrom and converted the same into a public thoroughfare and converted the depot grounds into a public park and erected a band stand thereon. Such use by the town has been without any objection on the part of the railroad. No part of the right of way and ground so used by the railroad other than the depot ground was ever conveyed by the Crosses to the railroad. A number of streets in said town, and crossing the said railroad right of way, have been dedicated to public use and used by the public for more than twenty years as public streets. No part of the right of way and depot ground has been used or occupied by the railroad or by any other person for railway purpose since the ties, rails, tracks and depot were taken up and removed in 1921.

The court concluded, as a matter of law, and decided, that the plaintiffs, as heirs of Elijah and Polly Cross, were the owners in fee of the old right of way and depot ground formerly used by the railroad, subject to the existing east and west streets crossing the same, and that appellant railroad had no interest therein.

Appellant contends that, as successor of the Lafayette and Indianapolis Railroad Company, it acquired a fee simple title to both the right of way and depot ground and that, under the facts found, the title thereto did not revert to or vest in appellees.

Appellees contend that the depot ground was con-

veyed to the railroad upon condition that it be used for railroad purposes and that the abandonment by appellant was such a breach of the condition that the title to the land reverted to them. In support of this contention, appellees insist that when a deed contains a condition like the ones in the deed from the Crosses to the railroad company, and when it appears that the grantors, at the time of the execution of the deed, owned all the land surrounding and adjacent to the land conveyed and which would be benefited by the location and operation of the railroad, and when the grantors, and their heirs after their death, continued to own such adjacent and surrounding land from the time of the execution of the deed to the abandonment of the railroad in 1921, appellant did not acquire title by long occupancy, but that, upon such abandonment, the land described in the deed reverted to them.

In so far as the right of way is concerned, appellees insist that since there has never been any deed conveying the right of way to the company, and that since there has never been any proceeding to acquire any right or title under the law of eminent domain, appellant simply took an easement in such land for right of way purposes.

The railroad company had surveyed and taken possession of a right of way across the Cross land, and had constructed a railroad thereon for a distance of one half mile, and was operating the railroad along and over such right of way before the execution of the deed by the Crosses conveying the depot ground to the railroad company. The right of way thus acquired by the railroad was in the nature of an easement, and was required only for the purpose of the railroad. When the railroad abandoned or removed from the strip of land over which it had the right of way the land was discharged of that burden. Appellant no longer had a right of way over the land. *California,*

*etc., R. Co.* v. *Mecartney* (1894), 104 Cal. 616, 36 Pac. 448; *Chicago, etc., R. Co.* v. *Sioux City Stockyards Co.* (1916), 176 Iowa 659, 159 N. W. 769; *Bangs* v. *Potter* (1883), 135 Mass. 245. We hold that, as to the land described in the complaint, and not conveyed by the Crosses by deed to the railroad, the court was correct in concluding and decreeing that appellees were the owners thereof.

The right of appellant to the land conveyed by deed to the railroad for station or depot purposes depends upon the construction of the provisions of the deed conveying the same. Appellees are correct in their contention that this tract of land was conveyed to the railroad upon a condition subsequent. The language used in the deed is such as to leave no doubt upon this question. In the words of the deed, the conveyance was "upon the express condition" that the railroad should "keep and maintain" a switch or side track at Zionsville and use the ground so conveyed for station purposes. The railroad did erect a sidetrack at Zionsville. It kept and maintained the same for a period of nearly seventy years. It used the grounds so conveyed for station purposes for a like period. This was a substantial compliance with the conditions contained in the deed. In *Sheets* v. *Vandalia R. Co.* (1920), 74 Ind. App. 597, 610, 127 N. E. 609, we had occasion to consider the law upon the question of conditions subsequent and what in this state amounts to a substantial compliance with such conditions. It is needless in this opinion to do more than refer to that case, without going over the same ground again. On authority of, and in harmony with, the Sheets case, we hold the court erred in concluding that appellees were the owners of the land described in the deed from Elijah and Polly Cross to the railroad for depot or station purposes.

The judgment is reversed, with direction to the court

to re-state its conclusions of law in harmony with this opinion and render the judgment accordingly.