STATE OF INDIANA *v.* PORTER COUNTY DRAINAGE BOARD.

[No. 667S22. Filed April 5, 1968.]

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellant.

*Herbert K. Douglas,* and *Douglas, Douglas & Douglas,* of Valparaiso, for appellee.

LEWIS, C. J.—This is an appeal by the State of Indiana under the 1965 Indiana Drainage Code. This Court has jurisdiction of this appeal under the provisions of Burns' Indiana Statutes, Anno., (1966 Suppl.), § 27-2507.

A group of landowners filed with the Porter County Drainage Board, the appellee herein, a petition asserting that there was a drainage problem that created a health hazard and that such condition detracted from the public utility and community use of property and sought a remedy as provided by the Indiana Drainage Code. Certain amendments were made to the original petition and certain proceedings were had prior to the time that the appellee made a determination with reference to the correction of certain culverts under a highway of the appellant. The determination of the appellee was

appealed to the Porter Circuit Court and judgment of the Porter Circuit Court was entered as follows:

"The Court having previously heard the petition for review of the decision of the Porter County Drainage Board and having taken the same under advisement now rules as follows: 'The petition is denied and the decision of the Porter County Drainage Board is affirmed.'

/s/ Alfred J. Pivarnik, Judge"

This appeal was then perfected to this Court with the "Assignment of Errors" reading as follows:

"Appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to this appellant in that:

1. The trial court lacked jurisdiction to review the Findings and Order of the Porter County Drainage Board.

2. The trial court erred in denying appellant's Petition for Judicial Review of the Order and Findings of the Porter County Drainage Board in establishing the West Hills Drain."

The appellee has filed a "Motion to Dismiss" this appeal, alleging in substance the following: That the appellant failed to perfect a proper appeal to the Porter Circuit Court for the reason that the appellant failed to give any of the landowner petitioners notice of such appeal. Appellee cites Burns' Indiana Statutes Anno., (1956 Repl.), § 27-2502, as part of the Drainage Code of 1965 which prescribes procedure for review of decisions of the Drainage Board. This section reads, in part, as follows:

". . . A copy of the petition shall be served on the board within five [5] days after the petition is filed with the court, and if the order or determination arose in a proceeding initiated by petition for the construction of a new drain pursuant to article two [§§ 27-2101—27-2115] of this act a copy shall also be served on the attorney for such petitioner unless such petitioner is the person seeking the judicial review, . . ."

It is conceded here that the appellant did fail to give any notice to the petitioning landowners or to their attorney. The appeal to the Porter Circuit Court by appellant is a statutory appeal and the statute must be strictly followed. Appellant has failed to follow the procedure by serving notice on the petitioning landowners or upon their attorney. Appellee points out that since the landowners were not named in the appeal in the Circuit Court and since they are not named in the "Assignment of Errors" that appellant has failed to comply with Rule 2-6 of the Supreme Court of Indiana (1964 Rules) which provides, in part, as follows:

> "In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named appellees."

It is appellee's contention that where the "Assignment of Errors" omits naming a necessary party appellee, this Court does not acquire jurisdiction over the appeal, and appellee, therefore, argues that where the property owners were a necessary party in the proceedings below they were necessary parties in the proceedings on appeal. *McArdle* v. *Board of Zoning Appeals* (1960), 131 Ind. App. 5, 167 N. E. 2d 608.

In addition to the foregoing, the "Assignment of Errors" presents nothing to this Court on appeal. Concerning the first assigned error, the appellant, who initiated the suit in the Porter County Circuit Court, may not now be heard to argue that the Porter Circuit Court did not have jurisdiction to review the Findings and Order of the Porter County Drainage Board.

As to appellant's second assigned error, no question is raised before this Court because this issue was not not sufficiently set forth in the "Argument Section" of appellant's brief. Supreme Court Rules 2-17 (e) and 2-17 (f). Also see *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 149 N. E. 2d 315.

Appellant's "Assignment of Errors" is inadequate and does not raise any question before this Court; and, therefore, this appeal is dismissed.

Arterburn, Hunter, Jackson and Mote, JJ. concur.

NOTE.—Reported in 235 N. E. 2d 491.