**RICHARD S. BRUNT TRUST,** Appellant (Plaintiff Below),

v.

**Fred R. PLANTZ et al.,** Appellees (Defendants Below).

No. 3-583A132.

Court of Appeals of Indiana, Third District.

Dec. 27, 1983.

John D. Wagoner, Wagoner & Cochran, Marion, for appellant.

Richard A. Brown, Brown & Brown, Rochester, for appellees.

STATON, Judge.

In the late 1800's, the Terre Haute and Logansport Railroad (railroad) acquired for railroad purposes a right-of-way over five parcels of land. It maintained commercial railroading operations over this right-of-way until conveyance of the right-of-way to Penn Central Corporation (Penn Central). Shortly thereafter, Penn Central abandoned all railroading operations over the right-of-way and conveyed it to the Richard S. Brunt Trust (Brunt). To protect this acquired interest, Brunt filed a complaint for damages and to enjoin the neighboring landowners from removing trees from the right-of-way area. The landowners counterclaimed that the abandonment of railroad operations extinguished the right-of-way giving them unrestricted fee simple title in those portions of the right-of-way area which abuts their land. The trial court agreed with the landowners; it determined that the railroad's right-of-way constituted an easement which was extinguished when it was no longer used for railroad purposes.

Affirmed.

Brunt contends that the language used to convey the right-of-way constituted a fee simple interest in the land; the phrase outlining the purpose of the conveyance constituted a covenant which was satisfied by the ninety-year duration of railroad operations. Because the parties stipulated to all of the pertinent facts, this Court need only determine what interest was conveyed by the "Releases of Right of Way" and the effect of abandonment of railroad operations.[1]

■■■ The intentions of the parties govern the extent of the interest conveyed. *Cleveland, Columbus, Cincinnati and Indianapolis R.W. Co. v. Coburn* (1883), 91 Ind. 557, 562. The conveyance instruments and the surrounding circumstances reveal the intentions of the parties. *Id.* All words in the conveyance instrument will be given effect to determine whether the parties intended to convey an easement or a fee simple absolute.[2] *Davenport v. Gwilliams* (1892), 133 Ind. 142, 145, 31 N.E. 790, 791.

■■■ Because the railroad prepared the conveyance forms it is responsible for the printed words. *Brookbank v. Benedum-Trees Oil Co.* (1957), 389 Pa. 151, 158, 131 A.2d 103, 108. Therefore, we will construe the forms in the light most favorable to the grantors. All but one conveyance appeared on the following preprinted form:

"Release of Right of Way

"I, _____ of the County of _____ in the State of Indiana, in consideration of the advantages which will accrue to me in particular and the public generally

---

1. All but one conveyance appear on the same preprinted form supplied by the railroad's brokers. The handwritten conveyance will be addressed after we have construed the forms.

2. Indiana courts have looked to a railroad's charter to determine whether a fee simple or a lesser interest was conveyed. *Cleveland, Colum-* *bus, Cincinnati and Indianapolis Railway Company v. Coburn* (1883), 91 Ind. 557; *Douglass v. Thomas* (1885), 103 Ind. 187, 2 N.E. 562. However, because the railroad's charter does not provide for the amount of estate conveyed, this Court will construe the conveyance instrument.

by the construction of a railroad between Logansport, Cass County, Indiana, and South Bend, St. Joseph County, Indiana, and for the purpose of inducing the construction of such a railroad and avoiding condemnation proceedings, do hereby release and quitclaim to _____ of Kewanna, Indiana, in trust for such railroad company or companies as may cause such railroad to be constructed, the right of way, for railroad purposes only, for such railroad described as follows, to-wit: A strip of ground ninety-nine feet wide, being forty-nine and one-half feet from the center on each side of the main track of said railroad may be finally located and constructed, through the following real estate in _____ County, State of Indiana, to-wit:

_____

_____

_____

_____

and I do hereby empower and direct the said _____ to convey by good and sufficient deed the said right of way to the company or companies constructing said railroad and do release and relinquish all claims for damages by reason of the location and construction of said railroad through or upon the above described real estate.

Witness my hand and seal this ____ day of _____ A.D. 1881.

Executed in
presence of"

It is significant that this form conveys to the railroad for nominal consideration the *right* to use a strip of the grantor's land *"for railroad purposes"*. (Emphasis added).

■■■ Conveyance of a *right* generally conveys an easement. *Smith v. Holloway* (1890), 124 Ind. 329, 330, 24 N.E. 886; *The Cincinnati, Indianapolis, St. Louis and Chicago Ry. Co. v. Geisel* (1888), 119 Ind. 77, 78–79, 21 N.E. 470; *Quick, Administrator v. Taylor* (1887), 113 Ind. 540, 542, 16 N.E. 588, 589–90; *Douglass v. Thomas* (1885), 103 Ind. 187, 190, 2 N.E. 562, 564; *Ingalls v. Byers, Administrator* (1883), 94

Ind. 134, 136; *L. & G. Realty & Construction Co. v. Indianapolis* (1957), 127 Ind. App. 315, 322, 139 N.E.2d 580, 585; *Muncie Electric Light Co. v. Joliff* (1915), 59 Ind.App. 349, 355, 109 N.E. 433, 435; *Lake Erie & Western Railroad Company v. Ziebarth* (1892), 6 Ind.App. 228, 234, 33 N.E. 256, 258. The general rule for determining whether a fee or an easement was conveyed was set forth as follows:

" 'The general rule is that a conveyance to a railroad of a strip, piece, or parcel of land, without additional language as to the use or purpose to which the land is to be put in other ways limiting the estate conveyed, is to be construed as passing an estate in fee, but reference to right of way in such a conveyance generally leads to its construction as conveying only an easement.' "

*L. & G. Realty, supra* 127 Ind.App. at 322, 139 N.E.2d at 585. As applied to the forms used to convey the railroad's right-of-way, this rule defines the interest granted as an easement.

To supplement this conclusion, the Court in *L. & G. Realty, supra* stated that although "[the habendum and subsequent covenants may modify, limit and explain the grant, [but] they cannot defeat it when it is expressed in clear and unambiguous language." *Id.* at 322, 139 N.E.2d 585. Here, the granting clause clearly and unambiguously conveyed a right of way which Indiana courts have construed to be an easement. This construction of these conveyance forms is consistent with the railroad's statutory authority to acquire land.

In 1881, the railroad had the statutory authority to acquire land by private conveyance or by condemnation.

"3903. General powers. 13. Every such corporation shall possess the general powers, and be subject to the liabilities and restrictions expressed in the special powers following:

\*     \*     \*     \*     \*     \*

"Second. To receive, hold, and take such *voluntary grants* and donations *of*

*real estate* and other personal property as shall be made to it to aid in the construction, maintenance, and accommodation of such railroad; *but* the *real estate* thus *received by voluntary grants shall be held and used for the purposes of such grants only.*

"*Third. To purchase, and, by voluntary grants* and donations, *receive* and take, and, by its officers, engineers, surveyors, and agents, enter upon, take possession of, hold, *and use all such lands and real estate* and other property as may be necessary *for the construction and maintenance* of its railroad stations, depots, and other accommodations necessary to accomplish the objects for which the corporation is created; *but not until the compensation to be* made therefor, as agreed upon by the parties or ascertained as hereinafter prescribed, *shall have been paid to the owner* or owners thereof, or deposited as hereinafter directed, unless the consent of such owner be given to enter into possession." (Emphasis added).

IRS 1881, § 3903, p. 820.

"3907. Proceedings to appropriate. 15. Such company is hereby authorized to enter upon any land for the purpose of examining and surveying its railroad line, and may appropriate so much thereof as may be deemed necessary for its railroad, including necessary side-tracks and water-stations, materials for constructing (except timber) a right-of-way over adjacent lands sufficient to enable such company to construct and repair its road, and a right to conduct water by aqueducts, and the right of making proper drains.

\* \* \* \* \* \*

*The corporation may,* by its directors, *purchase* any such *lands, materials, right-of-way, or interest of the owner of such land ... in fee-simple or otherwise, as the parties may agree, ...* and the deed, when made, shall be deemed valid in law. *If the corporation shall not agree with the owner of the land,* or with his guardian, if the owner be incapable of contracting, touching the damages sustained by such appropriation, *such corporation shall deliver* to such owner or guardian, if within the county a copy of such instrument of appropriation." (Emphasis added).

IRS 1881, § 3907, p. 822–23.

The statutory provisions allowed the railroad to condemn the land desired or to contract for it in "fee-simple or otherwise, ..." This Court addressed this option as follows:

" 'It does not follow that because a railroad company may take an estate in fee, or a right of way of a defined width, it does take such an estate, or such a right of way, for parties may by their contract create a less estate than a fee, or a right less in extent than that which the law authorizes the grantee to acquire.' "

*Vandalia R. Co. v. Topping* (1916), 62 Ind. App. 657, 665, 113 N.E. 421, 425 citing *Cincinnati v. Geisel, supra* 119 Ind. at 79, 21 N.E. at 470; *Chicago and West Michigan Railway Co. v. Huncheon* (1892), 130 Ind. 529, 532, 30 N.E. 636, 637; *Abercrombie v. Simmons* (1905), 71 Kan. 538, 541–43, 81 P. 208, 210. Therefore, in conveying to the railroad a right-of-way, the grantors retained fee ownership of the underlying land. *Id.; Muncie Electric Co., supra* 59 Ind.App. at 355, 109 N.E. 435–36; *Smith, supra* 124 Ind. at 330, 24 N.E. at 886.

Other language in the railroad's forms indicate that the parties intended to convey an easement. Reference to the purpose of the conveyance in the granting clause further supports our determination that the parties intended to convey an easement. 6 A.L.R.3d at 997; *Ingalls, supra* 94 Ind. at 136. Brunt contends that this language reflects a convenant modifying the conveyance of an interest in fee simple absolute. As stated above, the clear and unambiguous grant governs the intent of the parties. Because the granting clause specified conveyance of a right-of-way, an easement was conveyed. We conclude that the stated purpose further indicated the convey-

ance of an easement rather than an indication to convey a fee.[3]

■ In addition, where the consideration is nominal or where the only consideration is the benefit to be derived by the grantor from the construction of the railroad rather than the full market value for the interest acquired reflects the intent to create an easement. 6 A.L.R.3d at 1038. *Daugherty v. Helena & Northwestern Railway* (1952), 221 Ark. 101, 104, 252 S.W.2d 546, 548; *Tamalpais Land & Water Co. v. Northwestern Pac. R. Co.* (1946), 73 Cal. App.2d 917, 127–28, 167 P.2d 825, 830; *Jackson v. Sorrells* (1956), 212 Ga. 333, 335, 92 S.E.2d 513, 514.[4] Although such consideration is not by itself persuasive that the parties intended to convey an easement, it is just one more factor held to indicate an easement which appears in the preprinted forms.

Unlike the preprinted conveyance forms, the interest required by the handwritten conveyance is not so clearly indicated. As far as we can determine, this conveyance reads as follows:

"This indenture witnesseth that Enoch H. Mow and Mary F. Mow, his wife, of Fulton County in the State of Indiana, in consideration of the covenants and agreements hereinafter stated to be by the Terre Haute and Logansport Railroad Company performed, convey and quit claim unto the said Terre Haute and Logansport Railroad Company, a corporation of the State of Indiana, for railroad purposes, the following real estate in the County of Fulton and State of Indiana, to-wit:

A strip of ground ninety-nine (99) feet wide, lying forty-nine and one-half (49½) feet on each side of the centre line of the main track of the Terre Haute and Logansport Railroad as the same is now located and constructed through the North East quarter (¼) of the South-East quarter (¼) of section 4, Township 30 North, Range 1 East.

By accepting this deed, the grantor hereby agrees that it will, without delay, fence its railroad tracks on the west side, through the premises above described, with a fence consisting of six (6) wires and one plank and will also construct and maintain a farm crossing with cattle guards across its said tracks on the South line of the above described premises; and the grantee further agrees, that from the South line of the premises, above described, to a lane leading to the grantor's house in the North part of the North East quarter (¼) of the North East quarter (¼) of section 9, Township and Range aforesaid, it will, without delay fence its track on the north side with a plank fence, consisting of five (5) planks, and at the same time will also fence its track from said lane south to the south line of said north east quarter (¼) of the North East quarter (¼) of section 9, with a wire fence constructed as hereinbefore described; and the grantors do hereby release and discharge the grantee from any and all liabilities for damage on account of the location and construction of its railroad through the above-described real estate.

In Testimony Whereof the said grantors have herewith set their hands and

---

**3.** Even though *Sheets v. Vandalia Railway Co.* (1920), 74 Ind.App. 597, 127 N.E. 609 supports Brunt's contention that the limitation of use phrase is a covenant, we do not find it persuasive in this instance. First, the conveyance instrument in *Sheets* conveyed land rather than a right. Second, this Court in *Sheets* did not reconcile its determination with the Indiana Supreme Court cases which held a statement of the purpose of the conveyance to indicate the conveyance of an easement. Third, we believe that the railroad had no intention to use their rights-of-way for purposes other than railroading operations; we do not wish to encourage

parceling of land in narrow strips which runs randomly over Indiana land by reaching any other conclusion. Brunt has not persuaded us of a better result.

**4.** The conveyance form signed by Jacob Castleman reflects an illegible amount which was to have been paid for the right-of-way; such consideration will not be reflective of the parties' intent because we cannot read it and because the record does not reflect the value of the strip of land in 1881. *See Brookbank, supra* 389 Pa. at 159, 131 A.2d at 108.

seals this 28th day of October, A.D. 1886."

Signed and Notarized

Unlike the forms discussed above, the instrument conveyed a strip of land to the railroad for railroad purposes.

█ As stated above the conveyance of *land* generally reflects conveyance of a fee simple interest. However, this is not always the result where the other parts of the instrument and the surrounding circumstances show that the parties did not intend to convey the land in fee simple. *Brookbank, supra; Glendora v. Faus* (1957), 148 Cal.App.2d 920, 307 P.2d 976; *Harvest Queen Mill & Elevator Co. v. Sanders* (1962), 189 Kan. 536, 370 P.2d 419; *Abercrombie, supra.* These cases looked to the conveyance of *land* rather than a *right* as merely one factor to be considered in attempting to determine the parties' intent. Reference to the intended use of the land indicates that an easement was conveyed; the grantors would have no reason to specify the use if conveying a fee simple. *Ingalls, supra* 94 Ind. at 136. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. Cross* (1928), 87 Ind.App. 574, 578–79, 162 N.E. 253, 255.

█ The circumstances surrounding the Mows's conveyance reveal that the railroad had completed construction on the other land over which it had easements; it needed the Mows's land to complete its railroad. The railroad's earlier acquisition of an easement over another section of the Mows's land indicates that it had no reason to desire a greater interest in its later acquisition. Similarly, the Mows had no reason to believe that a different interest was conveyed the second time. In addition, a later instrument which released the railroad from agreements made in the conveyance instrument referred to the conveyance as a right-of-way. Therefore, the surrounding circumstances together with the conveyance instrument reveal that the Mows conveyed to the railroad an easement.

The abandonment of railroad operations extinguished the easements and permitted the adjoining landowners as titleholders in fee simple to reclaim the easements. *Cleveland etc. v. Cross, supra* at 578–79, 162 N.E. at 255; *Smith, supra* 124 Ind. at 330, 24 N.E. at 886; *Sonken v. Gemmill* (1926), 94 Ind.App. 114, 125, 151 N.E. 355, 359; *Schnabel v. County of Dupage* (1981), 101 Ill.App.3d 553, 558, 57 Ill.Dec. 121, 125, 428 N.E.2d 671, 675; *Brookbank, supra* 389 Pa. at 167, 131 A.2d at 112; *D.C. Transit Systems, Inc. v. State Roads Commission* (1970), 259 Md. 675, 692, 270 A.2d 793, 801. Therefore, the trial court was correct to find that the easement area reverted to the present landowners in fee simple when Penn Central abandoned railroading operations.

Affirmed.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur with the majority that the pre-printed forms entitled "Release of Right of Way" created easements and upon abandonment vested unrestricted fee ownership in the abutting landowners.

As to the handwritten conveyance, I find it unnecessary to determine whether it created an easement, a determinable fee or a fee subject to a right of re-entry.

Appellant presents but one argument in its brief. No separate treatment of the handwritten conveyance is presented, nor any argument that it should be considered differently from the other instruments. Accordingly, pursuant to Indiana Rules of Procedure, Appellate Rule 8.3(A)(7) the question has been waived. *Matter of Kesler* (1979), 272 Ind. 161, 397 N.E.2d 574, *cert. denied* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34; *State v. Porter Co. Drainage Bd.* (1968), 250 Ind. 216, 235 N.E.2d 491.