LAKE COUNTY TRUST COMPANY, Trustee, and George H. Montgomery and Charlotte Montgomery, Appellants (Plaintiffs Below),

v.

David LANE, the Penn Central Corporation, et al., Appellees (Defendants Below).

No. 3–884A225.

Court of Appeals of Indiana, Third District.

May 22, 1985.

Rehearing Denied July 3, 1985.

William F. Welch, Randolph L. Seger, Roger D. Erwin, McHale, Cook & Welch, P.C., Indianapolis, James A. Grund, Grund & Grund, Peru, for appellants.

James P. Hayes, Holmes & Hayes, Plymouth, for appellees David Lane, Paul and Gwen Danti.

HOFFMAN, Judge.

The facts relevant to this appeal are as follows:

On October 11, 1842, James F.D. Lanier conveyed the title to real property, a portion of which being the subject property of this lawsuit, to the Madison and Indianapolis Railroad Company (M & I herein). M & I then conveyed a portion of that property, including all of the subject property, to Hiram Willis on July 24, 1843. Through a series of warranty deeds, Willis' successor in interest conveyed the property to James Green on September 29, 1860. On January 17, 1883, Green conveyed the property in question by way of a quitclaim deed, to Albert D. Toner and Jeremiah Leiter as trustees of the Terre Haute and Logansport Railroad Company (the TH & L herein).

On September 29, 1885, Toner and Leiter conveyed and quitclaimed the subject property to the TH & L. That deed provided as follows:

"THIS INDENTURE made this 29th day of September A.D. 1885 by and between Albert D. Toner and Jeremiah Leiter of Fulton County in the State of·Indiana and the Terre Haute and Logansport Railroad Company, a corporation of the State of Indiana, Witnesseth:

Whereas by a certain contract under date of September 23rd 1882 the said Toner together with N. Phillips, Jno. F. Wilson, P.S. Troutman and J.A. Barnett all of Fulton County, Indiana agreed to furnish to said Terre Haute and Logansport Railroad Company the right of way between the city limits of Logansport, Cass County, Indiana and the village of Marmont in Marshall County, Indiana for an extension of its railroad north from said city of Logansport upon a certain route in said contract designated.

And Whereas, in .order to perform said contract the persons above named procured from various parties quit claim deeds conveying to said Toner and Leiter, in trust for such railroad company or companies as might cause a railroad to be constructed between said city of Logansport and the city of South Bend in St. Joseph County, Indiana, a right of way for such a railroad as in each of said quit claim deeds is specifically described and empowering and directing said Toner and Leiter to convey by good and sufficient deed the said right of way to the company or companies constructing such railroad.

And Whereas the said Terre Haute and Logansport Railroad Company has con-

structed a railroad between said cities of Logansport and South Bend and has demanded of said Toner and Leiter a conveyance of the rights of way procured and held by them in trust as aforesaid. Now therefore for the purpose of vesting in said Terre Haute and Logansport Railroad Company a good and sufficient title to the right of way conveyed to them in trust, as aforesaid and by virtue of the authority conferred upon them in the quit claim deeds, aforesaid, the said Albert D. Toner and Jeremiah Leiter, Trustees, as aforesaid do hereby convey and quit claim unto the said Terre Haute and Logansport Railroad Company a strip of ground Ninety nine (99) feet wide lying forty-nine and one half (49½) feet from the centre on each side of of the main tracks of the Terre Haute and Logansport railroad as the said main track is now located and constructed through the lands hereinafter described which said right of way was conveyed in trust as aforesaid by the following named parties respectively at the following named dates and through the following described real estate in Marshall County, in State of Indiana, to-wit:

| NAME | DATE | DESCRIPTION | Sec. | Twp. | Range |
|------|------|-------------|------|------|-------|
| * | * * * * * | | | | |
| James Green | Jan 17 1883 | The North west quarter (¼) of | 28 | 32 [North] | 1 [East] |
| | * * * * * | | | | |

In testimony Whereof the said Albert D. Toner and Jeremiah Leiter, Trustees as aforesaid have hereunto set their hands and seals this 29th day of September A.D. 1885.

Signed   A.D. Toner
Jeremiah Leiter"

The Penn Central Corporation is the successor in interest to the TH & L, and has since abandoned its railroad operations on the subject property. After the Penn Central abandoned its railroad operations, it sold its interest in the 99-foot wide strip of land by way of quitclaim deed to appellee David Lane on October 11, 1982.

On December 30, 1982, the Montgomerys' filed their complaint to quiet title to real estate and to set aside deed of conveyance. The complaint alleged that Penn Central had merely held an easement for the purpose of operating its railroad on the subject property and, therefore, upon abandonment the property reverted to the abutting landowners on each side of the track's center. In that case, Montgomerys contend that the 49.5 feet of right of way to the east of the track's center could not have been conveyed by the railroad to Lane, and that it should have properly reverted to the Montgomerys, as the Montgomerys claim to be the abutting landowners to the east. On July 11, 1983 the Montgomerys filed a motion for summary judgment.

On September 12, 1983, the trial court rendered its decision on Montgomerys' motion for summary judgment. The court determined that the conveyance to the TH & L conveyed a right of way which would revert to the adjoining and adjacent landowners upon abandonment, not a fee simple. The court further stated that a question exists whether the Montgomerys are the adjacent landowners. On September 20, 1983, the Board of Commissioners of the County of Marshall (County herein) was added as a party defendant as the dispute to Montgomerys' position is whether the county highway, West Shore Drive, or the Montgomerys' property abuts the east side of the abandoned railroad right of way. After some discovery had taken place, both Lane and the Montgomerys

filed motions for summary judgment. At the hearing on the cross motions, the County stated that it had no interest in the outcome of the lawsuit nor did it desire to obtain the land that is the subject matter of the lawsuit.

The trial court filed its order on the motions on February 6, 1984. After a hearing on the Montgomerys' motion to correct error, the trial court denied that motion but clarified its previous order on the cross motions for summary judgment. This order, dated July 12, 1984, provided:

"1. That the Court has determined that the Plaintiffs are not an adjacent property owner to the property here in question and that, therefore, they have no claim of interest or ownership in the property here at issue; and that, therefore, the Defendants in this cause are entitled to Summary Judgment. The Court has, therefore, on February 6, 1984, entered Summary Judgment against the Plaintiffs and for the Defendant on the Plaintiff's Complaint seeking Quiet Title.

"2. The Court has further determined that the County of Marshall is an adjacent property owner to the property here in question which is being abandoned by the Penn Central Railroad Company. The Court has not quieted title in the County of Marshall, State of Indiana inasmuch as no request has been made nor pleading filed seeking to have Title Quieted in the name of the County of Marshall.

"3. That although Summary Judgment has been entered in favor of the Defendant and against the Plaintiff on Plaintiff's Complaint Seeking Quiet Title, the Court, by it's [sic] entry of Summary Judgment, has not entered judgment in favor of the Defendant that would quiet title to them. In fact, no request has been made in the pleadings filed in this cause to have title quieted in the name of the Defendant and the Court's Judgment and determination solely establishes that

the Plaintiff's have no claim of interest or ownership in the property here in question...."

The parties have raised two issues for this Court's review of the trial court's order:

(1) whether the trial court erred in its determination that the conveyance to the Terre Haute & Logansport Railroad conveyed only an easement and not a fee simple; and

(2) whether the trial court erred in its determination that the Board of Commissioners of the County of Marshall is the adjacent and adjoining landowner to the east of the abandoned railroad right of way.

■ In his brief, Lane raises the first issue which this Court must address.[1] He contends that the trial court erred when it determined that the TH & L held only an easement and not a fee simple in the subject 99-foot wide railroad right of way.

This Court has recently dealt with similar facts in another case involving the TH & L. In *Richard S. Brunt Trust v. Plantz* (1983), Ind.App., 458 N.E.2d 251, this Court was called upon to construe the conveyance from a landowner to trustees of the TH & L. That conveyance included the following language:

" [I] do hereby release and quitclaim to _____ of Kewanna, Indiana, in trust for such railroad company or companies as may cause such railroad to be constructed, the right of way, for railroad purposes only, for such railroad described as follows, to-wit: A strip of ground ninety-nine feet wide, being forty-nine and one-half feet from the center on each side of the main track of said railroad ... and I do hereby empower and direct the said _____ to convey by good and sufficient deed the said right of way to the company constructing said railroad...."

---

**1.** Lane did not file a motion to correct error. An appellee, however, is not required to file such a motion yet may raise any issues in his appellate brief which could have been raised in a motion to correct error. *See, McGrath v. William F. Bane, Co., Inc.* (1985), Ind.App., 475 N.E.2d 1198.

*Id.* at 253.

In determining that this conveyance constituted an easement and not a fee simple, this Court noted the use of the term right of way and the phrase "for railroad purposes only."

In the present case there is no record of the conveyance from the previous landowner to the railroad's trustees; however, the record does include the conveyance from the trustees to the railroad as previously set forth in this opinion. As that document refers to the conveyance from the landowner to the trustees, it is the only evidence from which the first issue may be resolved.

The first paragraph of the conveyance introduces the document and the second merely recites the nature of the trust relationship between Toner and Leiter and the TH & L. The third paragraph specifically states that Toner and Leiter, the trustees, acquired a right of way for the construction of a railroad. The last paragraph is the language conveying the right of way held by the trustees to the TH & L. As the trustees in the present conveyance are clearly conveying merely the right of way which they acquired from prior owners for the purposes of the railroad, this Court cannot say that the trial court erred in determining that the Terre Haute and Logansport Railroad held only an easement and not a fee simple in the strip of land.

> *See, The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Geisel* (1889), 119 Ind. 77, at 78, 21 N.E. 470, at 470;
>
> *L. & G. Rlty. & Constr. Co. v. Indianapolis* (1957), 127 Ind.App. 315, at 322, 139 N.E.2d 580, at 585.

As the TH & L and its successor the Penn Central held only an easement in the disputed property, upon abandonment of the railroad, the property passed to the adjoining landowners. *Brunt, supra,* Ind.App., 458 N.E.2d 251.

Having dealt with the issue raised by Lane, the Court now turns to the Montgomerys' contention that the trial court erred in determining that the County is the adjacent and adjoining landowner to the east of the abandoned railroad right of way.

It is clear that in the absence of West Shore Drive, there would be no dispute. However, as West Shore Drive is now situated, the west edge of Montgomerys' property and the east edge of the railroad's right of way meet at approximately the center line of the road.

It is the law in Indiana that the owner of property whereon a public highway lies holds the property in fee, subject only to the public's easement.

> *Magee v. Overshiner* (1898), 150 Ind. 127, 49 N.E. 951;
>
> *The Terre Haute and Southeastern Railroad Company v. Rodel* (1883), 89 Ind. 128;
>
> *Hagaman v. Moore et al.* (1882), 84 Ind. 496;
>
> *Board of Com'rs of Vanderburgh Cty. v. Joeckel* (1980), Ind.App., 407 N.E.2d 274.

Applying this rule to the present case, there can be no doubt that the Montgomerys are the adjacent and adjoining *landowners* to the east of the abandoned railroad right of way. Thus, the trial court erred in this determination and the cause is hereby remanded to enter judgment for the Montgomerys.

Affirmed in part and reversed in part.

STATON, P.J., concurs.

GARRARD, J., concurs in result.