EMLIN McCLAIN, Appellee, v. CHICAGO, ROCK ISLAND
& PACIFIC RAILWAY COMPANY, Appellant.

Railroads: RIGHT OF WAY ABANDONMENT. Where by the terms of a con-
veyance of land to a railroad company the same is to become forfeited,
and revert to the grantor, when the railway company ceases to use
the same for railway purposes, the grantor may maintain an action
for the recovery of such land on the ground of nonuser or abandon-
ment thereof by the railroad company, although the nonuser may not
have continued for the period of eight years, as provided by section
1260 of the Code. (1)

SAME: EVIDENCE. In such case, evidence that the land in question was
part of a right of way for a spur track from the railway company's
main line to a coal mine, that it was obtained without cost to the
railway company, that the mine had been abandoned for a number of
years, and that the right of way had not since been used for railway
purposes, is admissible in proof that the railroad company had ceased
permanently to use the right of way over the land in question. (2)

*Appeal from Polk District Court.*—HON. CHARLES A.
BISHOP, Judge.

TUESDAY, JANUARY 23, 1894.

ACTION to recover possession of a certain strip of
land heretofore conveyed, as per deed set out, as a
right of way, to the defendant's grantor by the plaintiff
and another, then owners of the tract out of which said
strip was taken. The plaintiff, now the owner of said
tract, alleges, as ground for recovery, that the defend-
ant and its said grantor "have long since ceased per-
manently to use the track laid upon said right of way,
or to use said right of way in any manner for railway
purposes, and said track and right of way have long
since been abandoned, and the route thereof changed,
so as not to be continued over the said premises, where-
by all the rights and interests of the said railway com-

panies, or either of them, have ceased and determined."
The plaintiff further alleges that the defendant contin-
ues to occupy said strip of land with its track, and
thereby prevents him from taking and keeping posses-
sion thereof as is his right, to his damage two hundred
dollars, which, with possession, he asks to recover.
The defendant's demurrer to the petition being over-
ruled, an answer was filed, admitting the conveyances
set out, and that the defendant constructed a track
upon said right of way, and operated the same.   The
defendant denies that it has ceased permanently to use
said track, or that said track and right of way have
been abandoned, or that the right and interests of the
defendant or its grantor have ceased and determined,
and denies that plaintiff is entitled to possession.  Upon
these issues, the case was tried to a jury, and verdict
returned "that the plaintiff is entitled to possession."
The defendant's motion for a new trial being overruled,
judgment was entered on the verdict.   The defendant
appeals.—*Affirmed.*

   *Hubbard & Dawley* for appellant.

   *Cummins & Wright* for appellee.

   Given, J.—I.   The defendant demurred, on the
ground that the petition did not show an abandonment
for the period of eight years, as provided by section
1260 of the Code.   The same question was raised by
motion for verdict, and on the instructions, and is the
controlling question presented on this appeal.  Said sec-
tion provides "that if said roadbed or right of way, or
any part thereof, shall not be used or operated for a
period of eight years, * * * the land and title there-
to shall revert to the owner of the section, subdivision,
tract, or lot from which it was taken."   In the absence
of statute, mere nonuser for any length of time would
not work a forfeiture.   *Barlow v. C., R. I. & P. Rail-*

*way Co.*, 29 Iowa, 276. If the nonuser was permanent, that is, without an intention to resume the use, it would constitute abandonment, without regard to the length of time the right of way had not been used. Without the statute, to constitute abandonment there must have been a permanent cessation to use; that is, a cessation to use, with an intent not to resume the use. Under the statute, mere nonuser for eight years constitutes abandonment, regardless of the intention of the company.

The plaintiff has not alleged, and does not claim, nonuser for eight years, but does claim abandonment, under the terms and conditions of the deed. The defendant contends, on the authority of *Fernow v. C., M. & St. P. Railway Co.*, 75 Iowa, 526, that the statute alone controls. In that case Fernow had granted a right of way upon which a track was laid and operated until November, 1878, when the track was taken up, the right of way fence being left. Fernow entered upon and cultivated the right of way without leave until July or August, 1886, when the defendant relaid a track, and ran trains thereon. Fernow sued for trespass, and it was held that, as eight years' nonuser had not elapsed, the defendant was not a trespasser. It was contended that the statute does not take away the common law right of forfeiture, but merely gives an additional remedy. This court held that the principle contended for was not applicable to the question under consideration; that the statute defines what shall be regarded as abandonment. "It definitely fixes the rights of the parties, and, under its provisions, nothing less than nonuser for eight years will authorize the owner of land from which it was taken to take possession of the land." It is previously stated that "there is nothing in the conveyance of the right of way in the way of condition, proviso, or limitation, as to the line of road." Clearly, in the absence of contract, the statute controls;

but it does not follow that the parties may not agree upon a forfeiture of the easement upon other terms than those provided in the statute. No such conditions were contained in the conveyance of the right of way in *Fernow's case* as in this, nor does that case hold that the parties may not agree that abandonment shall follow, if the grantor shall at any time "cease permanently" to use the right of way for the purposes for which it was conveyed. The lower court instructed that "abandonment," as the word is used in this case, means simply a permanent cessation of the use of the right of way in question for railway purposes, and submitted the question of fact to the jury. We think there was no error in overruling the demurrer or in the instructions.

II. On the trial, the plaintiff was permitted to introduce evidence, over the defendant's objection, tending to show that the right of way in question was part of a right of way for a spur track from the defendant's main line, running south to a coal mine; that, to induce the construction and operation of the track to the mine, the owners of the mine procured the right of way for the defendant free of cost to defendant; that the mine was abandoned in February, 1885; and that said right of way has not since been used for railroad purposes, and especially that part across the plaintiff's land, and south thereof. The defendant introduced evidence tending to show that the track was used for railroad purposes. The defendant contends that the court erred in admitting the evidence introduced by the plaintiff, because its effect was to show agreements not expressed in the deed. This evidence was unquestionably not admissible for such a purpose, but it was admissible upon the question whether the defendant had ceased permanently to use the right of way through and south of the plaintiff's land, and, under the instructions, could not have been considered for any other

purpose. Upon this evidence, the jury were warranted in finding as they did. Our conclusion is that the judgment of the district court should be AFFIRMED.