DUGGAN *v.* DENNARD.

No. 7622. DECEMBER 20, 1930.

*Hal Lawson,* for plaintiff.   *J. W. Dennard,* for defendant.

RUSSELL, C. J.   D. E. Duggan filed a suit against R. M. Dennard in the superior court of Wilcox County for the recovery of described land, alleging that on May 9, 1901, R. M. Dennard was the owner of the land sought to be recovered, and on that day he executed and delivered to the Hawkinsville and Florida Southern Railway Company his deed conveying said land, as follows: "That the said R. M. Dennard, for and in consideration of the sum of one & 0/100 Dollars, in hand paid, at and before the sealing and delivery of these presents the receipt of which is hereby acknowledged, has bargained and sold and by these presents do hereby bargain, sell, remise, release, and forever quitclaim to the said Hawkinsville and Florida Southern Railway Company, its successors or assigns, all the right, title interest, claim and demand which the said R. M. Dennard has in or to the following described property, to wit: The right of way upon which a railroad has been located by said Railway Company on lot of land number 85 in the 5th district of said county and State which may be traversed by said railroad, said right of way to be one hundred feet wide and to extend fifty feet on each side from the center of the road-bed of said railroad,

with all the rights, members and appurtenances to the said property in anywise appertaining and belonging. To have and to hold the said described property unto the said Hawkinsville and Florida Southern Railway Company, its successors or assigns, so that neither the said R. M. Dennard, nor heirs, nor any other person or persons claiming under him shall at any time have, claim, demand any right, title, or interest in or to the aforesaid described property, or its appurtenances. The property hereinbefore described and herein conveyed to be used by the said party of the second part in such manner as it may deem proper in the construction and equipment of its railroad from the Town of Pitts, Wilcox County, to the City of Hawkinsville, Pulaski County, Ga., or such other points as said party of the second part may hereafter elect and for all other purposes." The Hawkinsville and Florida Southern Railway Company ceased operations. A receiver was appointed, who sold to J. N. Pidcock the property described, on February 24, 1923. On November 28, 1927, Pidcock sold it to D. E. Duggan, the plaintiff. When the railroad ceased its operations R. M. Dennard went into possession of the property, and has been in possession since that time collecting the rents and profits. Dennard has no claim to said property, except that it reverted to him after the Railway Company ceased to operate its railroad, and petitioner is the owner in fee simple under the chain of title aforesaid.

The defendant demurred generally to the petition. The court sustained the demurrer and dismissed the action, and the plaintiff excepted. Counsel for both plaintiff and defendant agree that the only question in the case is whether the deed executed by Dennard to the Railroad Company conveyed an easement or the fee; that if an easement only was conveyed, the trial court properly sustained the demurrer; and if the fee was conveyed, that ruling was error. The plaintiff admits that if an easement only was conveyed, the judgment of the lower court in dismissing the petition should be affirmed, but contends that the trial judge erred in sustaining the demurrer. For this reason, the proper construction of the deed which the defendant, Dennard, made to the Hawkinsville & Florida Southern Railway is the only matter for consideration by this court in this case.

In the proper construction of a writing, its true meaning can only be ascertained by an examination and consideration of the

instrument as a whole, including every part of the writing. In cases of doubt, aid in arriving at the true meaning of the instrument may also be derived from the customs of the country and the circumstances of the parties, so far as these are matters of judicial cognizance. Analyzing the language of Dennard's deed to the Hawkinsville & Florida Southern Railway by these rules, it seems clear that the deed in question, under which both parties in this case claim title, was not intended by either party to that instrument to convey, and did not in fact transmit, to the Hawkinsville & Florida Southern Railway anything more than a mere easement, a right of way for the Hawkinsville & Florida Railway and its successors and assigns, to be used in the operation of a railroad, and that this grant was terminable, and reverted to the grantor if the railroad company or its successors or assigns ceased to operate a railroad. The first thing to be noted in the deed is that the defendant, who was then grantor, conveyed a considerable tract of land for the mere nominal consideration of one dollar, which would be quite unusual when it is considered that it was to traverse lot number 85 in the 5th district of Wilcox County, and thus split in twain this tract of land which was the property of the defendant, permit a dangerous instrumentality to endanger, by the locomotion of its engines and cars, the lives of individuals and live stock, at such times as the corporation saw proper, without any guarantee or consideration of the convenience of the grantor, who abutted the railroad right of way on both sides, or of his tenants. After stating the consideration, the description of the land involved is as follows: "The right of way upon which a railroad has been located by said Railway Company on lot of land number 85 . . which may be traversed by said railroad." From this extract from the deed it is seen that the land is described as a "right of way," and not otherwise.

In addition to this, however, the true consideration of a deed may be inquired into whenever the ends of justice require. Civil Code, §§ 4179, 5785. The grantor in this case is not estopped by the deed from proving a different consideration from that expressed in the deed. *Johnson* v. *McComb*, 49 *Ga.* 120-123, and cit. And as said by Mr. Justice Atkinson in *L. & N. Railroad Co.* v. *Willbanks*, 133 *Ga.* 15, 18, 21 (65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860). "The statute of frauds is not violated by showing that the consideration of a deed is the performance of a

parol agreement. *Stringer* v. *Stringer,* 93 *Ga.* 320 (20 S. E. 242). In the case just cited the decision was upon demurrer. It is alleged in the petition, that, 'On July 22, 1871, plaintiff sold to defendant a tract of land, described in a copy of deed attached, for $500.00. The defendant never paid anything for the land, and under the contract was not to pay anything at that time, and in all probability would never be required to pay anything, as the plaintiff was then in good circumstances, and thought he never would call on defendant for payment, thinking he would be able to give the amount to defendant; but in the abundance of caution he contracted with defendant, his son, at the time and before the deed was made, and it was expressly agreed by them, that he, plaintiff, would make the deed, and should he at any time during his life lose his money and property, and become in needy circumstances, and call on defendant for help, defendant was to furnish him his support as long as the same was needed by him, or until defendant had furnished $500.00, the price and value of the land. Some time in 1885 or 1886 plaintiff's mind gave way, and because of this in a short time thereafter his money and property were all swept away, and he was left penniless, 65 years old, and unable to do any kind of work to support himself and his helpless wife, and on or about April 15th he was adjudged to be insane and sent to a lunatic asylum. He remained in the asylum for a considerable time, when it was thought he was restored, and he came home, and sometime in 1888 he saw the defendant and made known to him his condition, and called upon him for support according to the terms of their contract, and defendant failed and refused to comply with the contract, and refused to assist him in any way. . . At the time he so called on defendant he was, is now, and has been all the time since his return from the asylum old and feeble, without means of support, and unable to work for a living.' The prayer was, 'for judgment or decree requiring the defendant to specifically carry out his contract; that defendant pay him such an amount of money each year during his, petitioner's, lifetime, as may appear to be sufficient for a support and maintenance for him, or until he has paid him the amount of $500.00, and for general relief.' The petition having been demurred to on the ground that it did not set forth such facts as constituted a cause of action, this court ruled: 'Where, in consideration of a parol promise, a deed to land is executed and

delivered, the maker of the promise is not relieved from performing by the statute of frauds, there having been full performance by the maker of the deed and acceptance, together with possession thereunder, by the other party.' In the case now under consideration it is alleged that a part of the consideration for the deed from the plaintiff to the defendant conveying the right of way was the parol promise of the defendant to construct and maintain certain crossings for the use of the plaintiff in reaching his property. It is also alleged that the defendant accepted the deed and entered possession and enjoyed the easement granted. Treating the use of the plaintiff as compatible with the defendant's easement granted by the deed from the plaintiff, as it was proper to do under the reasoning presented in the first part of this opinion, and bearing in mind the rules of law, that it is competent to inquire into the consideration of a deed, and that ordinarily the plaintiff is not estopped from proving the real consideration when it is other than that expressed in the deed, and that it does not contravene the statute of frauds to show that the real consideration is performance by the grantee of a parol agreement to do something for the grantor, the plaintiff in the present case was authorized to inquire into and explain the whole consideration."

Inasmuch as the consideration was stated as only one dollar, it must be naturally inferred that Mr. Dennard was quite willing, and perhaps anxious, for the construction of the railroad, and this is strengthened by the fact that further in the deed the land involved is again described as right of way and accurately defined, the language used being: "said right of way to be 100 feet wide and to extend 50 feet on each side from the center of the road-bed of said railroad." The habendum is as follows: "To have and to hold the said described property unto the said Hawkinsville and Florida Railway Company, its successors or assigns, so that neither the said R. M. Dennard, nor heirs, nor any other person or persons claiming under him shall at any time have, claim, demand any right, title, or interest in or to the aforesaid described property, or its appurtenances." This is substantially in the terms used in a warranty deed conveying fee-simple title, with the warranty omitted, and would be sufficient for that purpose; but it is followed by a qualification which again illustrates the meaning of the words "right of way" used at the beginning of the description of the

property conveyed, which is in the following words: "The property hereinbefore described and herein conveyed to be *used* by the said party of the second part in such manner as it may deem proper in the construction and equipment of its railroad from the Town of Pitts, Wilcox County, to the City of Hawkinsville, Pulaski County, Ga., or such other points as said party of the second part may hereafter elect and for all other purposes." As we have already stated, the addition of the last-quoted sentence could not have been for the purpose of adding to a complete title to the land embraced in the grant. It was not necessary for this purpose, but, construed with the statement that Dennard was conveying only a right of way and the selection of the words "to be *used*" in the qualification to the habendum, it seems clear that a reversion of the possession to the grantor or his heirs or successors in title was in the contemplation of the parties. The use of the language last quoted, to our minds, clearly denotes that it was not the intention of the grantor that his lot of land should be aliened in fee, but that it should be *used* only for the purpose of the construction and equipment of the railroad. The words "for all other purposes," construed with the associate language, does not extend further than to include all other purposes "proper in the construction and equipment" of the railroad. Since it appears from the petition that the Hawkinsville & Florida Southern Railway Company has ceased to operate a railroad, the contemplated use referred to in the deed being no further within the power of the grantee in the original deed, the right of way ex vi termini reverted to the original grantor.

*Judgment affirmed. All the Justices concur.*