PIERCE ET AL., APPELLEES, *v.* CHERRY VALLEY FARMS, INC., APPELLEE; THE MARION-RESERVE POWER CO., APPELLANT.

(No. 181—Decided June 1, 1945.)

*Messrs. Van Epp & Laribee,* for appellees C. A. Pierce and Stanley E. McFarren.

*Mr. Raymond B. Bennett,* for appellee Cherry Valley Farms, Inc.

*Messrs. Strelitz, Dowler & Wiedemann* and *Mr. Harold L. Williams,* for appellant.

STEVENS, J. This is an appeal on questions of law and fact.

The petition filed herein alleges that plaintiffs are the owners and in possession of certain real property in Medina county, Ohio, therein described; that the defendants claim an interest in a strip of land 60 feet in width, running approximately diagonally across said property and containing 4.54 acres; that said claims constitute a cloud upon plaintiffs' title.

The prayer is that plaintiffs' title be quieted as against any claim of defendants.

Defendant Cherry Valley Farms, Inc., filed an answer and cross-petition, but did not otherwise appear in the court below or in this court.

Defendant The Marion-Reserve Power Company filed an answer and cross-petition.

In the first defense of the answer, after certain admissions, it denied generally the allegations of plaintiffs' petition. For a second defense, said defendant alleged that it had purchased an easement over said 4.54-acre strip of land through plaintiffs' property from one C. J. Mayers, receiver of the Cleveland-Southwestern Light & Power Company, on November 21, 1931, and further, that for more than 21 years before the time of taking possession under the above grant, it had been in "uninterrupted, actual, open, notorious, exclusive and adverse possession of the whole of said premises under a claim of ownership to the same by virtue of said purchase." For a third defense, said defendant claims that it has openly, adversely and notoriously claimed title to an easement for pole lines, and that it and its predecessors in title have "openly, notoriously and adversely, for more than 21 years prior to the time of filing plaintiffs' petition herein, used same for electric transmission and distribution purposes * * *; and further that the plaintiffs herein and their predecessors in title had full knowledge thereof."

By way of cross-petition, this defendant claims ownership of an easement in the 4.54 acres of property claimed by plaintiffs, and asks that title to its easement rights be quieted as against the claims of plaintiffs.

Plaintiffs, for reply, deny the allegations of defendants' answers, and for answer to the cross-petition of defendant Power Company, deny generally the allegations thereof.

The transcript of the evidence, introduced in this court, shows the following:

On April 4, 1899, Martin E. Cole acquired the entire title to the real estate formerly owned by his mother, Semantha A. Cole, which included the 150-acre farm in question.

On October 25, 1902, the Cleveland & Southern Railway Company filed its petition in the Probate Court of Medina county, setting forth the necessity of appropriating certain lands of Martin E. Cole, as follows:

"Plaintiff avers that the said strip or parcel of land * * *, belonging to the defendant Martin E. Cole, was and is necessary and plaintiff's directory has so declared such necessity for the purpose of building, constructing and erecting thereon its road bed, tracks, switches, poles and electrical equipment and of maintaining and operating thereon its main line of railway and for electric railway purposes. * * *

"Wherefore, plaintiff prays for the appropriation of the above-described real estate to its use for the purposes named and for electric railway purposes * * * ,"

In pursuance of proceedings had under said petition, the court entered a judgment as follows:

"It is therefore ordered and adjudged that * * * said plaintiff corporation * * * shall be entitled to take possession of and hold and use the property, rights and

interests of the defendants, Martin E. Cole and Belva Cole, so appropriated, for the uses and purposes for which the appropriation was sought, as set forth in the petition. * * *

"It is therefore considered, ordered and adjudged by the court, that the plaintiff, The Cleveland & Southern Railway Company, be entitled to the possession of, and to hold, use and enjoy, the real estate, property and rights appropriated herein to the uses of plaintiff, as set forth in the petition * * *."

It is conceded that on June 22, 1931, by order of the United States District Court for the Northern District of Ohio, in equity action No. 3512, the abandonment, for electric railway purposes, of that portion of the railway right of way which includes the 4.54-acre strip in controversy, was approved.

Plaintiffs are the owners of the fee title to said farm under deeds which make no exception of an easement for railway or power and light purposes. In addition thereto, after the institution of this action, and before the entry of judgment herein, they purchased, at delinquent land sale, the entire title and interest of Cherry Valley Farms, Inc., in and to said 60-foot strip of land here under consideration.

The evidence shows that at all times up to June 22, 1931, the predecessors in title of defendant The Marion-Reserve Power Company occupied said 4.54-acre strip of land, under the easement acquired in condemnation proceedings, for electric railway purposes, and that pole lines and wires were erected for the transmission of power for use in connection with the operation of said electric railway. The evidence also shows that some power was sold to private users, although such use was not within the easement acquired by condemnation.

Under the pronouncement of the Supreme Court of Ohio in *Henry* v. *Columbus Depot Co.,* 135 Ohio St.,

311, 20 N. E. (2d), 921, there can be no doubt that the railway company, a *quasi*-public corporation, through its condemnation proceeding, acquired only an easement for railway purposes over Cole's lands; and, when the railway company abandoned its operation of the railway in 1931, the land reverted to the original owner or to those claiming under him, unless an additional easement over or title to said land had been acquired by prescription or by adverse possession.

It is the claim of The Marion-Reserve Power Company that its predecessors in title, while occupying said right of way for railway purposes, enlarged the easement acquired through condemnation proceedings, by using said premises for the transmission of power which was sold to private users, and that such part of its occupancy of the premises was adverse, open and notorious, and that the owners of the reversionary interest knew of such user. It is therefore claimed that The Marion-Reserve Power Company, and its predecessors in title for more than 21 years, through such occupancy and adverse user of said strip, acquired an easement to use it for power and light purposes.

It is the rule that "Where an easement is granted to be exercised within certain limits, and the grantee openly exercises a privilege in excess of the limit, continuously and without interruption for the requisite period, under claim of right, a second grant may be presumed, superadded to the first and covering the larger right. This rule, however, cannot apply where the use in excess of the grant was not under an adverse claim of right * * *." 28 Corpus Juris Secundum, Easements, Section 14 e.

It is apparent that, up to 1931, when the railway operation was abandoned, the maintenance of poles and wires on the land covered by the easement in question, was necessary to the operation of an electric railway;

it is further apparent from the evidence that certain electric energy was sold by the railway company and its successors to private users.

There is, however, in our opinion, a dearth of evidence to show that Cole, or his successors in title up to 1931, knew that the railway company and its successors claimed a right to maintain a pole line over said property for the purpose of furnishing light and power, to private users, independent of the operation of an electric railway.

The increased burden imposed upon the land was surreptitious, and of such character as not to put the owner of the servient estate upon inquiry.

The user to all appearances was in accord with the grant.

A concealed increased burden upon a servient estate, cannot furnish the basis for acquisition of an easement by prescription, because it lacks some of the elements necessary to create an easement by prescription: *viz.*, that it must be adverse, under claim of right, continuous and uninterruped, *open* and *notorious,* exclusive, *with the knowledge and acquiescence of the owner of the servient tenement,* and must continue for the full prescriptive period, while the owner of the servient tenement is under no legal disability to assert his rights, or to make a grant.

It is our opinion that neither The Marion-Reserve Power Company, nor its predecessors in title, acquired, by prescription, an easement to maintain a pole line and wires over the 4.54-acre strip in controversy, for the transmission of electric energy to be sold to private users for power and light.

It is further our opinion that The Reserve Power & Light Company, the immediate predecessor in title of The Marion-Reserve Power Company, acquired no easement for said purposes under the grant from the receiver in equity case No. 3512 in the federal District

Court for the Northern District of Ohio, because at the time of said grant (November 20, 1931) the rights of The Cleveland-Southwestern Railway & Light Company to an easement for railway purposes had been abandoned, said company had no easement for any purpose, and the receiver could convey no more than his defunct company had—*i. e.*, nothing.

The user up to 1931 was under the grant. Since then sufficient time has not elapsed to permit acquisition of an easement by prescription.

A decree may be prepared, granting to plaintiffs (appellees) the relief sought in their petition, and dismissing the cross-petitions of defendants (appellee and appellant), all at the costs of the appellant.

*Decree accordingly.*

WASHBURN, P. J., and DOYLE, J., concur.