L. & G. REALTY & CONSTRUCTION COMPANY INC. *v.* CITY OF INDIANAPOLIS.

[No. 18,781. Filed January 4, 1957. Rehearing denied February 11, 1957. Transfer denied April 9, 1957.]

*Harry M. Stitle, Jr.,* of Indianapolis, and *Richard W. Adney,* of Lebanon, for appellant.

*Michael B. Reddington,* Corporation Counsel, *Palmer K. Ward,* former Corporation Counsel, *Walter Bell,* Asst. City Attorney, *John J. Dillon,* City Attorney, *Frank X. Haupt, Arthur K. Northrup,* former City and

Asst. Attorneys, all of Indianapolis, *W. H. Parr,* and *Parr, Parr & Parr,* of Lebanon, for appellee.

PFAFF, J.—The proceedings under review here concern the title to certain real estate in the city of Indianapolis, Marion County, Indiana. The appellant, L. & G. Realty & Construction Company, Inc., alleging ownership in itself brought two actions in the Circuit Court of Marion County, against the appellee, City of Indianapolis, as sole defendant, setting out in each a description (not in dispute) of the particular property in controversy, one action seeking damages for the alleged wrongful taking and use of certain of the property and the other to quiet title thereto. The respective parties will be herein referred to as "appellant" and "appellee."

After the formation of the issues both causes were venued to the trial court where they were consolidated for the purpose of trial. A trial by the court upon a joint stipulation of facts, resulted in a general finding and judgment following the overruling of appellant's motion for a new trial, duly filed. The sole error assigned here is the overruling of the motion for new trial.

The sufficiency of the pleadings is not questioned and no objection is made to the procedure followed in the trial court. This court will, therefore, proceed directly to the question presented.

The trial court finds in substance that appellant is the owner of the fee in the real estate described in both complaints, subject to an easement and right of way in the appellee; and that in erecting the bridge and the construction of the street the appellee was doing so under its easement and right of way, and that appellant recover nothing by its complaint for damages.

The judgment from which this appeal is taken, omitting formal parts and the description of the real estate reads:

"IT IS THEREFORE HEREBY ORDERED, AD-JUDGED AND DECREED by the Court that L & G Realty and Construction Co., Inc. is the owner in fee of the following described real estate situated in Marion County, State of Indiana, to-wit: (Description omitted)

"And it is further ordered, adjudged and decreed that the plaintiff take nothing by its complaint for damages.

"It is further ordered, decreed and adjudged that the plaintiff has the fee simple title to the real estate described herein, subject to an easement and right of way over the entire portion thereof, to which easement title is quieted in the City of Indianapolis, Indiana, free of any restrictions, conditions or agreements.

". . ."

The major questions presented to this court hinge upon a certain conveyance of the property affected. In 1903 James Huffman and Caroline Huffman, husband and wife, executed a conveyance of certain property described, including the property in issue, to the Indianapolis Northern Traction Company, which so far as material here reads:

"In consideration of Nine Hundred and Fifteen Dollars ($915.00) and other good and valuable considerations, the receipt whereof is hereby acknowledged, James Huffman and Caroline Huffman, his wife, of Marion County, in the State of Indiana.

CONVEY AND WARRANT

to Indianapolis Northern Traction Company, a corporation of the State of Indiana, the *Right of Way* for Railroad and other purposes over, upon and across the following real estate in the County of Marion, and State of Indiana, to-wit: in Marion County, State of Indiana. (Here follows a metes and bounds description of the property).

"Said Grantee, its successors and assigns, agree as a part of the above consideration to remove all buildings on said *right of way* and to move them to such place or places as the grantors may designate,

and put the same in as good condition and repair as the same are now, and said grantee, its successors and assigns further promise and agree to plank the crossings of the highway running east and west through said land, and to maintain said crossing, and the said crossings to be maintained the entire width of the highway.

"Said Grantee, its successors and assigns, further agrees that all cars operated on said *right of way* by said grantee, its successors and assigns, carrying passengers, and freight or either of them shall stop at said highway crossing, to receive and discharge the same except the cars known and labelled as 'Limited.'

". . .

"Said Grantee its successors and assigns further promise and agree that it will build and maintain sufficient drains on the west side of their track on said *right of way*, but no holes are to be left in said *right of way* or dirt piled thereon.

"Said Grantee its successor and assigns further promise and agree that they will build their tracks over and upon the *above described right of way*, a line between the City of Noblesville and the City of Indianapolis, Indiana, and have the same in operation on or before the first day of January 1905, and if said line is not constructed or if constructed and is not operated for a period of sixty (60) days (except in case of strikes) all rights granted herein to said grantee, its successors and assigns, shall revert to the grantors, and said grantee, its successors and assigns, shall remove its tracks from said *right of way*. (Our emphasis).

Such deed was recorded on March 12, 1903.

The pivotal question presented for our determination is: Did the instrument above mentioned convey a fee to the traction company; or did it convey an easement only for railroad right of way? Appellant contends that it conveyed an easement only for railroad right of way; while appellee contends that it conveyed the fee.

The subject matter of the instrument under consideration involves the conveyance of property for railroad

right of way purposes. There are numerous decisions of the courts dealing with the subject, and there are numerous annotations, some of which are referred to herein, in which the controlling principles herein mentioned are discussed and the cases reviewed. It will be possible to review only a few of these authorities in our opinion. At first glance, the cases seem to present a number of conflicting views; but many apparent conflicts are due to a difference in the facts and in the local applicable statutes.

In an exhaustive annotation on the subject reported in 132 A. L. R. at page 142 et seq., pertinent to the questions here presented, we find the following statement:

"A consideration of the cases included herein discloses that although they seem at first glance to present a number of conflicting views, they follow a broad but well-defined pattern with relatively few exceptions. The great majority of the cases are concerned with the construction of deeds containing two principal forms of granting clauses: (1) those that grant 'land' (that is, contain language which, in the last analysis and disregarding the redundancy and excess verbiage common to conveyances or real property, provides simply that the grantor grants and conveys a strip, piece, parcel, or belt of land), and (2) those that grant a 'right' (that is, contain language purporting to convey to the grantee a right of way, or other right or privilege with respect to using the property, over land owned by the grantor). There are a few cases involving deeds containing granting clauses which appear to grant both a designated strip or parcel of land and a right of way, or deeds the granting clauses of which are so obscure as to make it impossible to say that they refer to either 'land' or to a 'right', but decisions of this sort are so few in number as to be relatively negligible. If a deed to a railroad company contains nothing more than a grant of land, adequately described, the cases are practically unanimous in reaching the conclusion that it conveys a fee; but if such a deed contains nothing more than

the grant of a right,—usually, but not invariably, a right of way,—they are equally unanimous in reaching the conclusion that it creates a mere easement over the land in question."

The above language is quoted with approval in *Hinman* v. *Barnes* (1946), 146 Ohio St. 497, 66 N. E. 2d 911. In that case the original conveyance to a railroad company contained a provision that such right of way should be used exclusively for railroad purposes, together with the further provision that should the right of way not be used for railroad purposes for a continuous period of two years, such right of way should revert to the grantor, her heirs and assigns. In that case the right of way was abandoned for railroad purposes and had not been used for such purposes for a continuous period of more than two years.

The Supreme Court of Ohio in the case of *Hinman* v. *Barnes, supra,* after referring and quoting from annotated notes in 132 A. L. R. 143, said:

"An examination of the numerous cases cited warrants the conclusion that, nothing further appearing than that the granting clause of a particular deed refers to 'land', a fee is thereby conveyed; and that on the other hand, where the granting clause refers only to a 'right', such instrument conveys only an easement."

In the instant case, the granting clause refers to a "right". As in the case last cited, the granting clause is not the only limiting clause in the conveyance. In the last paragraph of the instrument it is stated:

"Said grantee, its successors and assigns further promise and agree that they will build their tracks over and upon the above described right of way, a line between the City of Noblesville and the City of Indianapolis, Indiana, and have the same in operation on or before the first day of January, 1905, and if said line is not constructed, or if constructed is not operated for a period of sixty (60) days (except

in case of strikes) all rights granted herein to said grantee, its successors and assigns, shall revert to the grantors, and said grantee, its successors and asigns, shall remove its tracks from said right of way."

The rule relating to construction of conveyances is well stated in Tiffany on Real Property, Vol. 4, Third Edition, §980, p. 65, as follows:

". . . The habendum and subsequent covenants may modify, limit and explain the grant, but they cannot defeat it when it is expressed in clear and unambiguous language."

In 44 Am. Jur. at p. 285 et. seq., is found another note on the subject, "Railroad Property and Rights of Way". We quote the general rule for construction of conveyances on such subjects there given:

"The general rule is that a conveyance to a railroad of a strip, piece, or parcel of land, without additional language as to the use or purpose to which the land is to be put in other ways limiting the estate conveyed, is to be construed as passing an estate in fee, but reference to right of way in such a conveyance generally leads to its construction as conveying only an easement."

Thus we have supplied in a single sentence a general rule for determining whether a fee or an easement is conveyed. While there are occasional variances such rule appears to be the one generally followed in a majority of the cases.

In construing instruments creating easements, it is the duty of the court to ascertain and give effect to the intention of the parties. The intention of the parties is determined by a proper construction of the language of the instrument. Where the

language is unambiguous other matters may not be considered. 28 C. J. S., §26, p. 680.

Generally where a particular or special right or easement in land is conveyed, which may well co-exist and be engaged and used by the grantee consistently with the fee in the grantor, the fee does not pass because it is not essential to the right or interest which is described in the deed. *Waller* v. *Hildebrecht* (1920), 295 Ill. 116, 128 N. E. 807; *Magnolia Petroleum Co.* v. *West* (1940), 374 Ill. 516, 30 N. E. 2d 24.

Our own cases generally hold that a deed conveying a right of way to a railroad company conveys an easement only. *Lake Erie & Western Railroad Company* v. *Ziebarth* (1892), 6 Ind. App. 228, 33 N. E. 256; *Ingalls* v. *Byers, Administrator, et al.* (1883), 94 Ind. 134; *Douglass et al.* v. *Thomas* (1885), 103 Ind. 187, 2 N. E. 562; *Quick, Administrator* v. *Taylor* (1887), 113 Ind. 540, 16 N. E. 588; *The Cincinnati, Indianapolis, St. Louis and Chicago Ry. Co.* v. *Geisel* (1888), 119 Ind. 77, 21 N. E. 470; *Smith* v. *Holloway* (1890), 124 Ind. 329, 24 N. E. 886; *Muncie Electric Light Co.* v. *Joliff* (1915), 59 Ind. App. 349, 109 N. E. 433.

In *Lake Erie & Western Railroad Company* v. *Ziebarth, supra,* the conveyance to a railroad company in consideration of one dollar, which "conveys and warrants" to the grantee "its successors and assigns", the right of way for the construction and operation of said company's "railroad", being a strip of land 100 feet in width "through and over the following described land," and which contained the further provision: "The estate granted hereby is upon condition that the strip of land shall be used for said railroad purposes only, and when the same shall, after the road is constructed, cease to be used for such purposes, then the same shall revert to the party of the first part (grantor), his heirs and assigns." It was held that the deed does not purport to

convey a fee, conditional or otherwise, that the language of the deed clearly imports an intention to convey an easement to the grantee for a particular purpose, the construction and operation of a railroad thereon, and that the theory of forfeiture was not applicable to the case.

In *Ingalls* v. *Byers, Administrator, et al., supra,* it was held that a conveyance to a railroad company of the right of way for the use of said railway over and across the east half of the northwest quarter . . . "to have and to hold said rights and privileges to the use of the said company so long as it shall be required for the uses and purposes of said railway company," does not purport to convey a fee; on the contrary its language clearly imports an intention to convey an easement to the grantee for a particular purpose.

In *Douglass* v. *Thomas, supra,* our Supreme Court held that a deed conveying to a railroad company "the right of way" of an undefined width, over certain real estate, such deed containing a stipulation that such company was "to have and hold the said rights and privileges to the use of the company so long as the same shall be required for the uses and purposes of said road," conveys nothing more than an easement in or right of way over the land and not the fee simple.

In *Cincinnati, Indianapolis, St. Louis and Chicago Ry. Co.* v. *Geisel, supra,* the Court held that a deed releasing and quitclaiming to a railroad company "the right of way for so much of said railroad, being eighty feet wide, as may pass through the following described land", conveys merely an easement, the fee remaining in the grantor.

The other Indiana cases above cited are to the same effect.

In 132 A. L. R., at p. 172, under subtitle, "III. Deed Conveying 'right' rather than 'land'," the author cites

the foregoing Indiana cases in support of the principle: "that a deed to a railroad company which conveys a 'right' rather than a strip, piece, parcel, or tract of 'land' . . . must be construed as conveying an easement rather than a fee. . . ." Citing a large number of cases from other jurisdictions holding to the same effect.

In *Graham* v. *St. Louis, I. M. & S. R. Co.* (1901), 69 Ark. 562, 65 S. W. 1048, the Court, after setting forth the terms of the conveyance, conveying to the railroad "the right of way and depot grounds" to have and to hold the same to the said party of the second part so long as said lands are used for the purposes of a railroad, and no longer, the court held:

> "Giving force and meaning to every word and clause in the deed, the most reasonable construction is that deeds of the kind under consideration convey a perpetual easement in the land, or an easement in the nature of a fee. Neither the intention nor the effect of such instruments could be the conveyance of an estate in fee, but only an incorporeal hereditament—an easement."

The following leading cases from other jurisdictions are here cited as containing questions analogous to those involved in the instant case, in each of which it is held that the interest conveyed is an easement and not a fee. *Sherman* v. *Petroleum Exploration* (1939), 280 Ky. 105, 132 S. W. 2d 768, 132 A. L. R. 137 Anno.; *East Alabama Railway Company* v. *Doe* (1885), 114 U. S. 340, 5 S. Ct. 869; *Abercrombie* v. *Simmons* (1905), 71 Kan. 538, 81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. 509, 6 Ann. Cas. 239; *Tallman* v. *E. I. & P. R. R. Co.* (1942), 379 Ill. 441, 41 N. E. 2d 537; *Hinman* v. *Barnes, supra; Brown* v. *Weare* (1941), 348 Mo. 135, 152 S. W. 2d 649, 136 A. L. R. 286 Anno.; *Pierce* v. *Cherry Valley Farms, Inc.* (1945), 76 Ohio App. 58, 63 N. E. 2d 46, affirmed

146 Ohio St. 400, 66 N. E. 2d 639, and other cases hereinafter mentioned.

In *Sherman* v. *Petroleum Exploration, supra,* a conveyance of land stated in the granting clause to be "for railroad right of way", conveys only an easement, although the habendum clause states that the land is conveyed to the railroad "and its successors and assigns forever, with covenant of general warranty of title".

In *East Alabama Railway Company* v. *Doe, supra,* where land in Alabama conveyed to a railroad was described as a right of way, although the habendum read "to have and to hold the same to the company, its successors and assigns", and to its "own proper use, benefit, and behoof forever, in fee simple," it is held that the words quoted did not enlarge what was otherwise the limited character of the grant, but that the deed conveyed only an easement.

In *Abercrombie* v. *Simmons, supra,* the Court stated (in headnote) that an instrument which is in form a general warranty deed, conveying a strip of land to a railroad company for a right of way to a railroad will not vest an absolute title in the railroad company, but the interest conveyed is limited by the use for which the land is acquired and when that use is abandoned, the property will revert to the adjoining owners.

In *Tallman* v. *E. I. & P. R. R. Co., supra,* the case was tried upon a stipulation of fact and involved the construction of a certain deed entitled "right of way deed", the granting clause of which read in part: "does hereby convey and warrant to" (appellee) "as and for its right of way a strip of land 100 feet, . . . across and upon the following described real estate," etc. The only question in the case was of construction as to whether or not such deed conveyed a mere easement or right of way or a fee simple title to the land therein described. After reviewing a number of cases the Court concluded:

"Applying the above principles, we are of the opinion the description of the estate contained in the granting clause is that of a right of way easement, and not a fee simple interest in the land within the described boundaries. Such construction gives effect to all of the words in the deed. Any other construction would require us to disregard words necessary to determine the estate granted."

In the course of his opinion in that case the Court said:

"When the result of each case cited from Illinois is examined we think, in every instance except *Weihe* v. *Lorenz,* 254 Ill. 195, we have given effect to words describing an easement or right of way, where otherwise if the words were disregarded a fee simple estate would have passed."

*Brown* v. *Weare, supra,* cited by appellant here, is cited and quoted in support of the text in 44 Am. Jur., p. 316, §102, as follows:

"A railroad to which is conveyed a 'right of way' for 'all the uses and purposes of said railroad company so long as the same shall be used for the construction, use and occupation of said railroad company', acquires an easement only."

This case also cites and quotes from 16 Am. Jur., p. 577, §245. Said the Court in the Brown case:

"There can be no dispute, nor is there any, that this deed so far as the right of way is concerned granted the railroad company an easement only. This is established by the terms of the deed granting a 'right of way' and then further clinched by the provision limiting the use of the grant for railroad purposes. The law is settled in this State that where a railroad acquires a *right of way,* whether by condemnation, by voluntary grant or by a conveyance in fee upon a valuable consideration the railroad takes but a mere easement over the land and not the fee."

In *Mammoth Cave Nat. Park Ass'n.* v. *State High.*

*Com.* (1935), 261 Ky. 769, 88 S. W. 2d 931, where a part of the consideration called for the construction and operation of a railroad over the land granted, it was held that the fact there was a covenant of warranty and the right acquired was designated as a fee was not controlling and when considered in connection with other parts of the instruments, clearly indicates a purpose and intention to convey a continuous and perpetual right, title and use of the land as long as it was devoted to the purposes for which it was acquired.

In *Branch* v. *Central Trust Co.* (1926), 320 Ill. 432, 151 N. E. 284, a deed to a railroad company conveying "a railroad right of way and depot grounds over and upon the whole of lot A," etc., and further providing, "To have and to hold said lot A for a railroad right of way and depot grounds unto said (company), its successors and assigns for so long as the same shall be used for a railroad right of way and depot grounds", was held to create an easement rather than an estate upon conditions subsequent.

In *Houston N. S. Ry. Co.* v. *Tyrrell* (1936), 128 Texas 248, 98 S. W. 2d 786, 108 A. L. R. 1508, it was held that the statutory provisions that the right of way secured by a condemnation to a railroad company shall not be construed to include the fee simple estate but merely an easement, is an enunciation of the rule existing without statute, the basis of which is the fundamental principle that no more property and no greater estate or interest may be taken than the public use required.

The reasoning applied by Chief Justice Taft when sitting with the Circuit Court of Appeals in considering the title to a vacated street (quoted in *Brown* v. *Weare, supra*) is in point.

"The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public ease-

ment in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strange constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases."

*Paine* v. *Consumers Forwarding and Storage Co.*, 6th Circuit, 71 Fed. 626, 632.

The several cases herein cited illustrate the application of the principles here involved and the discussion of further cases is not deemed necessary.

It is our opinion that the Indianapolis Northern Traction Company, the predecessor of the Indiana Railroad, by the conveyance from the Huffmans in 1903, acquired an easement only for right of way purposes, over, upon and across the real estate described therein; and, when the Indiana Railroad abandoned electric interurban services over such right of way in 1938, said Indiana Railroad had no easement for any purpose, and the Receiver for said company could convey no more than his defunct company had—i. e., nothing. *Pierce* v. *Cherry Valley Farms, Inc., supra.*

It follows that the Receiver's deed to the City of Indianapolis on February 18, 1941, was and is ineffective and passes no title or interest in the property described.

With cognizance of the rule that in an action to quiet title all defenses are admissible under a general denial, and, as well, that the plaintiff must recover upon the strength of its own title, we hold that there is substantial evidence to show that appellant is the owner of the property described in the complaint free from the easement of the Indiana Railroad.

It further follows that so much of the finding and the judgment of the trial court as finds that the City of Indianapolis is the owner of the easement described in

the Receiver's deed to it is not sustained by sufficient evidence and is contrary to law.

Since this court has reached the conclusion that the traction company acquired only an easement for railroad purposes by virtue of the Huffman conveyance, it is not necessary to separately discuss appellee's further contention that it (grantee traction company) did not abandon such easement.

Under said grant the traction company acquired a limited easement. It had and held an easement for railroad right of way purposes. By the express terms of such grant if it ceased operation of such railroad for more than sixty days, then all rights should revert to the grantors. That was a valid limitation placed in the instrument under which its right to use any part of the property is based. Such provision is consistent with the grant of the easement and may not be read out of the conveyance by construction.

It is a fundamental rule in the construction of written instruments that all words are to be given effect when consistent with the intent of the parties.

It is appellant's theory that at the time of the original deed by the Huffmans in 1903, the Huffmans retained the fee simple title subject to an easement or right of way in the Northern Indiana Traction Company, such deed being the conveyance of an easement with a conditional limitation; that when the original deed was executed and delivered by the Huffmans, the interest conveyed thereby was only an easement or right of way, as the trial court correctly found, which automatically reverted, in this case, to the heirs and devisees of the grantors in 1938 upon the abandonment by the railroad of its use for said land as a right of way for railroad purposes.

We deem appellant's premise a correct one, and well within well-established rules of law.

In 19 Am. Jur., p. 530, §67, appears this language:

". . . The essential difference between an estate on condition and a conditional limitation based on the happening of some future uncertain but possible event, with a limitation over or a possibility of reverter conditioned on the happening of the event, is that in the latter case on the happening of the event the estate either reverts to the grantor or is carried by force of the grant or devise to the third person to whom it was granted or devised, while in the former the grantor must have either expressly or by necessary implication reserved to himself or his heirs a right of entry on breach of the condition, re-entry being necessary to revest the estate."

And it is further stated therein on page 531:

"In those cases where the 'conditional limitation' is followed by a possibility of reverter to the creator or his successors in interest, the basic difference between such estate and an estate upon condition subsequent is ascertained by the fact that in the estate upon condition the entire interest has passed from the creator to return upon the happening of events, while in the case of the 'conditional limitation' an interest somewhat less in concept has passed from the grantor, which interest contains within itself the basis for its expiration."

This authority is cited by the appellant and gives strong support for its position.

In 136 A. L. R., pp. 296, 297, the annotation on the subject: "Who entitled to land upon its abandonment for railroad purposes, where railroad's original interest or title was less than fee simple absolute", we find this statement:

"Where land has been conveyed to a railroad company under a deed which creates an easement in favor of the company rather than a title in fee, and such land is subsequently abandoned for railroad purposes prior to any other conveyance thereof by the original owner, there is no doubt but that upon the abandonment title reverts to such original owner or his heirs, or, more accurately speaking,

the title of the original owner is relieved of the easement to which it had previously been subject."

The author discusses the case of *Gurdon & Ft. Smith Rd. Co.* v. *Vaught* (1911), 97 Ark. 234, 133 S. W. 1019, wherein an action to recover for damages for the appropriation by defendant railroad of a right of way through lands owned by plaintiffs, in which it appeared that some years previously one acting for the plaintiffs had conveyed to another railroad company a right of way through the land in question "to have and hold as long as used for the purpose of a railroad and no longer", that the latter company had never constructed its railroad and that defendant had later secured from the other railroad a quitclaim deed of its interest in the lands in question, it was held that the evidence clearly showed that defendant's grantor had abandoned its right of way previous to its conveyance to the defendant, that "by such abandonment the easement reverted to plaintiffs," and that consequently the trial court had properly given judgment in plaintiffs' favor for the damages suffered by them from defendants' construction of its line through the property in question.

In *Duggan* v. *Dennard* (1930), 171 Ga. 622, 156 S. E. 315, an action to recover possession of land in which it appeared that defendant had conveyed the property to a railroad company for railroad purposes, that the company had subsequently ceased operations, and defendant had thereupon re-entered the land, and plaintiff claimed title under a deed from one to whom the property had been conveyed by the receiver of the railroad, it was held that the deed from the defendant to the company conveyed an easement merely, that "this grant was terminable and reverted to the grantor if the railroad company or its successors or assigns ceased to operate a railroad," and that consequently the trial judge had properly sustained a demurrer to the petition.

Where plaintiff in an action to recover possession of land alleged that he had conveyed the premises to the grantor of defendant railroad for a right of way, that by the terms of the conveyance the grant was to be forfeited in the event of an abandonment of the land for railroad purposes, and that the defendant had permanently abandoned the land for such use, it was held in *McClain* v. *C. R. I. & P. Ry. Co.* (1894), 90 Iowa 646, 57 N. W. 594, that upon the jury's finding of the facts as alleged by plaintiff, the trial court had properly entered judgment in his favor, notwithstanding statute in that state provided a period of eight years before property would revert.

It was held in *Allen* v. *Beasley* (1923), 297 Mo. 544, 249 S. W. 387, that where plaintiff conveyed the property in question to a railroad company, it was subsequently abandoned for railroad purposes, that since the land was conveyed for railroad purposes the company received only an easement and not the fee therein, although the deed contained no reservation as to the use to which the property was to be put; that upon the abandonment of the property for railroad purposes the title reverted back to plaintiff and that the latter was accordingly entitled to maintain his present action in ejectment to recover possession of the land.

In *Missouri P. R. Co.* v. *Bradbury* (1904), 106 Mo. App. 450, 79 S. W. 966, an action by plaintiff railroad to enjoin defendants from removing the rails lying in a part of plaintiff's right of way, which had been abandoned by plaintiff, it appeared that defendants had purchased the rails from the landowners who had originally conveyed to plaintiff the right of way in question, and it was held that by plaintiff's abandonment of the property the easement thereover for railroad purposes was extinguished, the land became discharged of the burden and the right of way strip reverted to the owners of the

servient estate, and that, the rails having become realty by their attachment to the soil, title thereto vested in the landowners upon the abandonment of the land for railroad purposes and passed to the defendants under their purchase.

In *Mammoth Cave Nat. Park Ass'n.* v. *State High. Com., supra,* an action by plaintiff, the successor in interest of a railway company to which certain lands had been conveyed for right of way purposes, to quiet title in it to the lands so conveyed and to enjoin defendants from trespassing thereon, it was held that since it appeared from the pleadings that the original deeds to the railroad company conveyed only easements to the grantee and that the property had been abandoned for railway purposes, the trial court had properly sustained a demurrer to the petition, the Court saying:

> "The record clearly discloses that the railroad company, by abandoning the use of its railroad, tearing up and removing its tracks, and attempting to convey the land to others to be dedicated to other purposes, abandoned its right of way, and the lands thereupon reverted to the grantor or their successors in title."

It was recognized in *Laurel County* v. *Howard* (1920), 189 Ky. 221, 224 S. W. 762, that where a landowner had conveyed an easement over his property for railroad purposes and the land was subsequently abandoned by the railroad company, one to whom the landlord had in the meantime conveyed the tract through which the right of way ran acquired title thereto free from the easement upon the abandonment and was consequently entitled to damages upon the subsequent appropriation of the land by defendant county for highway purposes.

In *Barton* v. *Jarvis* (1927), 218 Ky. 239, 291 S. W. 38, it was held that an attempt to convey to defendant a portion of the land covered by such easement amounted

to an abandonment of that portion for railroad purposes and that title thereto reverted to purchasers of adjoining lots.

In *Brown* v. *Weare, supra,* where it appeared that a land owner deeded a parcel of land to a railroad for right of way and depot purposes, and he later conveyed to plaintiff's remote grantor the tract out of which the railroad land had been carved, the deed "excepting" the right of way and station grounds, that all the conveyances through which plaintiff acquired title contained a similar clause "excepting" the parcel deeded for railroad purposes, and that the railroad subsequently abandoned the land for railroad purposes and thereupon quitclaimed to defendant, the Court overruled defendant's contention that the original deed to the railroad company created a fee determinable upon the limitation of use for railroad purposes, that the abandonment worked a breach of the condition and that the landowner's attempted conveyance of the possibility of reverter extinguished the right of reversion and a fee simple absolute was vested in the railroad company. The Court took the view that the deed to the railroad conveyed only an easement and upon abandonment for railroad purposes the use of the land reverted to the original owner of the soil freed from the exclusive possession of the railroad, the further view being expressed that the "excepting clause" in the deeds under which plaintiff held was not intended to reserve the fee of the railroad land in the original grantor but to prevent the "use" of such land from passing under the conveyance. It was accordingly held that plaintiff had acquired title to the property and was entitled to maintain his present action to quiet such title in him.

In *Atlanta Con. Street Ry. Co.* v. *Jackson* (1899), 108 Ga. 634, 34 S. E. 184, an action by the heirs of a land owner to recover damages for defendant's abandonment

of a right of way, which, it was alleged, amounted to a breach of a covenant in the deed whereby the landowner conveyed the property in question to defendant's predecessor in interest, the court, having held that the language in the deed with respect to the grantee's use of the property amounted to a conditional limitation rather than a covenant and that plaintiff's petition was consequently demurrable, said further:

> "If the grantee had continued to use this right of way according to the terms of the deed, the fee would have remained in it. Had its successor . . . continued to use the right of way as stipulated in the deed, the fee would have remained in it. The moment it tore up its track and removed it to another locality, abandoning this right of way, the estate granted its predecessor was lost, and the land reverted immediately to the grantor or to his heirs, he having died before the abandonment of the right of way. It was not necessary for such heirs to reenter or to bring a suit of ejectment for the recovery of the land. This seems to be the difference between a limitation and a condition subsequent. In the latter the grantor must re-enter, or make a claim in the case re-entry is impossible or impracticable."

A deed whereby the grantor conveyed to a railroad company certain designated lots contiguous to its station in a particular town, which contained an habendum clause reading: "To have and to hold said parcels of land to said railroad, their assigns, for railroad purposes only, and for the time that they shall so use it," was construed in *Lawson* v. *G. S. & F. Ry. Co.* (1914), 142 Ga. 14, 82 S. E. 233, as conveying a fee subject to a limitation rather than an estate subject to a condition with respect to its use for railroad purposes, the Court observing further:

> ". . . the premises were conveyed to the railroad company to be used for railroad purposes only, with the limitation that the estate conveyed should

cease and determine should the railroad company fail to use them for railroad purposes within a reasonable time; or, having put them to the use specified, if it should thereafter abandon the use of the property for railroad purposes, the estate conveyed would revert to the grantor or his heirs."

In *Abercrombie* v. *Simmons, supra,* where it appeared that the landowner conveyed a strip of land for railroad purposes, that the railroad company abandoned the enterprise before its right of way was constructed through the quarter section from which the strip in question was taken, and that the company subsequently executed a deed purporting to convey the strip to plaintiff, it was held that plaintiff was not entitled to maintain his present action of ejectment for such strip against defendants, who the Court said, "became the owners of the tract" through which the strip ran. After pointing out that the estate acquired by the railroad company under the deed to it was not an absolute estate in fee simple and that it "may not be very important" whether such estate can be considered an easement or a qualified or determinable fee, the court said:

"Whatever its name, the interest was taken for use as a right of way, it was limited to that use, and must revert when the use is abandoned."

To the same effect see *Santa Fe, L. & E. R. Co.* v. *Laune* (1917), 67 Oklahoma 75, 168 P. 1022.

In the case before us the complaint for damages is drawn upon the theory that the entrance upon and the use of the property therein described by the appellee in the making of the public improvement is wrongful and without right and that plaintiff is damaged thereby in a fixed amount for which it prays judgment.

We have heretofore indicated that appellee did not acquire an easement from the Receiver of the traction

company. It follows that the entry and use of the premises under the circumstances shown by the evidence was and is wrongful and without right and that the appellee is liable to the owner for the damages caused by such taking and use. It follows that so much of the judgment rendered in this cause by the trial court as adjudges that the appellee is the owner of an easement in the premises and that appellant is not entitled to recover damages caused by such taking and use, is not sustained by sufficient evidence and is contrary to law.

It is the decision and mandate of this court that the judgment of the Boone Circuit Court be reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Bowen, C. J., Kelley, P. J., Crumpacker, J., concur.

Royse, J., Cooper, J., not participating.

NOTE.—Reported in 139 N. E. 2d 580.