Frank P. McGRATH, d/b/a McGrath & Company, Appellant (Plaintiff Below),

v.

WILLIAM F. BANE, CO., INC., and Bane-Clene Company, Appellees (Defendants Below).
No. 4–1284A338.

Court of Appeals of Indiana,
Third District.

April 3, 1985.

Arthur H. Gemmer, Indianapolis, for appellant.

Henry Y. Dein, Dein, Hammes, Stanley & Ripley, Indianapolis, for appellees.

HOFFMAN, Judge.

On October 1, 1984, judgment was entered against the appellees (Bane) on the appellant's (McGrath) complaint for a money judgment, and judgment was entered in favor of McGrath on the counterclaim filed by Bane.

McGrath filed his motion to correct error, pursuant to Trial Rule 59(C), on November 30, 1984, arguing that the damage award should be increased and alleging other errors committed by the trial court.

On December 3, 1984, Bane filed a pleading titled "Defendants/Counter-Claimants Motion to Correct Errors" alleging that the trial court erred in not allowing it to amend its counterclaim and in not allowing it to present certain evidence.

On December 3, 1984, the court overruled both motions to correct errors, and McGrath filed a praecipe for the record on December 5, 1984.

On December 14, 1984, McGrath filed the pre-appeal documents pursuant to A.R. 2(C)(1). On December 20, 1984, Bane delivered to the Clerk of this Court "Appellees/Cross Appellants Pre-Appeal Statement."

On January 17, 1985, McGrath filed "Appellant's Motion to Strike Appellees' Pre-Appeal Statement, and to Dismiss Appellees' Late-Filed Appeal" asserting that Bane did not file its motion to correct errors within 60 days after entry of judgment and therefore, such being jurisdictional, this Court should dismiss Bane's attempted appeal.

Trial Rule 59(E) states:

"Statement in opposition to motion to correct error.

Following the filing of a motion to correct error, a party who opposes the motion may file a statement in opposition to the motion to correct error not later than fifteen [15] days after service of the motion. The statement in opposition may assert grounds which show that the final judgment or appealable final order should remain unchanged, or the statement in opposition may present other grounds which show that the party filing the statement in opposition is entitled to other relief."

 Thus a party opposing a motion to correct errors *may* file a statement within 15 days after service of the motion and present any grounds for upholding the judgment or order or set out grounds demonstrating that the party filing the statement is entitled to other relief. The document filed by Bane certainly comes within this rule although labeled "Motion to Correct Error." Bane filed its statement in opposition within the time frame required by T.R. 59(E) and set forth other grounds entitling it to relief.

Trial Rule 59(G) states:

"Denial of motion to correct error, and assertion of grounds for relief.

If a motion to correct error is denied, the party who prevailed on that motion may, in his appellate brief and without having filed a statement in opposition to the motion to correct error in the trial court, defend against the motion to correct error on any ground and may first assert grounds entitling him to relief in the event the appellate court concludes that the trial court erred in denying the motion to correct error. If the appellate court reverses the judgment of the trial court, nothing in these Rules or the Appellate Rules precludes the appellate court from determining that the appellee is entitled to any alternative relief which the appellee has requested."

 The clear language of this rule plainly states that Bane was not required to file a "motion to correct errors" or a statement in opposition to McGrath's motion to correct errors but will be permitted to raise in its brief on appeal any errors that could be raised in a motion to correct errors and seek any relief permitted under T.R. 59.[1] *See, May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546, footnote 5.

The cases cited by McGrath were decided prior to the extensive rule revision of January 1980.

Appellant McGrath's "Motion to Strike Appellees' Pre-Appeal Statement, and to Dismiss Appellees' Late-Filed Appeal" is denied.

STATON, P.J., and GARRARD, J., concur.

---

1. Parties at a Pre-Appeal 2C conference should be prepared to state whether or not a cross-appeal will be raised and what issues are going to be asserted.